# EXHIBIT Q



São Paulo, August 20, 2007

To
Mr. José Antônio dos Santos Mello,
GE Hydro Inepar do Brasil S.A.,
Rodovia SP 340, km 118,5,
Campinas/Mogi Mirim – SP.

c/c Mr. Alexandre Gonçalves Silva,
General Eletric do Brasil Ltda.,
Av. Nove de Julho, 5229,
01407-907 São Paulo – SP.

Dear Sirs,

It has come to the attention of our client, **ALSTOM HYDRO ENERGIA BRASIL LTDA.** ("ALSTOM"), that a number of its key employees have resigned from the company to take positions at GE Hydro Inepar do Brasil S.A. ("GE"), which, as you know, is one of ALSTOM's main competitors in the market for hydraulic generation equipment.

Our client has also become aware of the fact that a significant number of people in ALSTOM's staff have been approached by a head hunter in connection with employment opportunities at GE.

These facts have been causing great distress to ALSTOM's business putting at risk the development of projects and the safekeeping of its business secrets. In fact, since a high number of ALSTOM's key employees have been either hired or approached by GE, our client has been noticing an unacceptable level of distress in its business environment and some clear signs of instability in its technical teams

Although ALSTOM recognizes that the occasional hiring of employees by their employers' competitors is a fact of life, please note that under Brazilian law (Law # 9,279/1996) employee soliciting is an act of unfair competition whenever it is able to cause damages to the business of the competitor whose employees are solicited. As such, this kind of soliciting makes the solicitor responsible for damages and may also constitute a criminal offense.

Therefore, this is to formally request your attention to the problem so that this soliciting ceases immediately. Otherwise ALSTOM will not hesitate to consider its options which include taking any legal measure available to prevent this procedure from going further.

Sincerely,


Sérgio Varella Bruno, attorney at law
Brazilian Bar Association – São Paulo – # 99.624


doc – 47240/2



São Paulo, 20 de agosto de 2007

Sr. José Antônio dos Santos Malta
GE Hydro Inepar do Brasil S.A.
Rodovia SP 340, km 118,5
Campinas/Mogi Mirim — SP

c/c Sr. Alexandre Gonçalves Silva
General Eletric do Brasil Ltda.
Av. Nove de Julho, 5229
01407-907 São Paulo — SP

Prezados Senhores,

Chegou ao conhecimento de nossa cliente, **ALSTOM HYDRO ENERGIA BRASIL LTDA.** ("ALSTOM"), que diversos dos seus funcionários-chave deixaram recentemente a empresa para assumir funções na **GE HYDRO INEPAR DO BRASIL S.A.** ("GE"), que é, como é de seu conhecimento, uma das principais concorrentes da ALSTOM no mercado de equipamentos para geração hidroelétrica.

Nossa cliente também tomou conhecimento de que um elevado número de outros de seus funcionários foi contactado por uma empresa de recrutamento de pessoal, com vistas a ofertas de oportunidades de trabalho na GE.

Os referidos fatos têm causado grande transtorno aos negócios da ALSTOM, colocando em risco o desenvolvimento de seus projetos, bem como a preservação de seus segredos de negócio. Com efeito, tendo em vista que um elevado número de funcionários-chave da ALSTOM foi contratado ou assediado pela GE, nossa cliente vem experimentando transtornos inaceitáveis ao seu ambiente de negócios e claros sinais de instabilidade em suas equipes técnicas.

Embora a ALSTOM reconheça que a contratação eventual de funcionários de empresas concorrentes seja um fato normal, note-se que nos termos da legislação brasileira (Lei nº 9.279/1996), o aliciamento de empregados de concorrentes configura um ato de concorrência desleal, sempre que venha a causar prejuízos aos negócios do concorrente que é vitimado pela conduta. Nesses termos, o aliciamento torna o aliciador responsável pelos danos causados, podendo, também, configurar a prática de crime.

Portanto, vimos formalmente solicitar sua atenção para o problema, a fim de que cesse imediatamente o assédio antes referido. De outro modo, a ALSTOM não hesitará em considerar a adoção de quaisquer medidas disponíveis, inclusive as de natureza legal, para fazer cessar a conduta em questão.

Atenciosamente,

Sergio Varella Bruna, adv.
OAB/SP nº 99.624

docs - 46806v5