UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

CONSTRUTORA NORBERTO ODEBRECHT S.A.,

      Plaintiff,

v.

GENERAL ELECTRIC COMPANY, GENERAL
ELECTRIC INTERNATIONAL, INC., GE
INFRASTRUCTURE, INC., GE POWER SYSTEMS,
INC., GE ENERGY LLC and GE HYDRO POWER, INC.,

      Defendants.

Civil Action No.
07-8014 (CM)

DECLARATION OF
HOWARD L.
VICKERY

---

### DECLARATION OF HOWARD L. VICKERY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

HOWARD L. VICKERY, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a member of the firm of Boies, Schiller & Flexner LLP and represent Plaintiff Construtora Norberto Odebrecht S.A. ("CNO") in this action. I make this declaration in opposition to Defendants' motion seeking dismissal of the complaint and the imposition of sanctions.

2. In connection with Plaintiff's motion for a temporary restraining order and preliminary injunction, CNO submitted the declaration of Brazilian law of Marcelo Antonio Muriel. Mr. Muriel's firm, Mattos Muriel Kestener Avogados, has represented CNO for many years, and currently other members of the Mattos firm represent CNO in connection with the inquiry by the Brazilian Secretariat for Economic Law ("SDE").

3. On September 14, 2007 I received a letter from Vernon Broderick of Weil, Gotshal & Manges LLP, GE's counsel, complaining that Mr. Muriel, who had submitted

a declaration on Brazilian law on behalf of CNO, had a conflict because of an existing representation of General Electric. *See* letter from Vernon Broderick of Weil, Gotshal & Manges LLP to Howard L. Vickery, dated September 14, 2007, a copy of which is attached as Exhibit A to Mr. Broderick's September 17, 2007 letter to the Court.

4. Mr. Broderick demanded that CNO withdraw Mr. Muriel's declaration. This was the first time that I was aware of the existence of an alleged conflict. Immediately upon receiving Mr. Broderick's letter, I brought the matter to Mr. Muriel's attention and sought an explanation.

5. Mr. Muriel informed me that his submission of a legal opinion in support of CNO's motion was entirely consistent with his ethical obligations under Brazilian law, and provided legal authority in support of his position.

6. In addition, Mr. Muriel informed me that he is appearing for Aggreko Energia Locação de Geradores Ltda. and Aggreko Energy Rentals (collectively "Aggreko") in an ICC arbitration brought by Termoelétrica Potiguar S.A. ("TTP") and on behalf of GE Energy do Brasil Ltda. in an ancillary litigation involving continued possession of the equipment in question while the arbitration proceeded on the merits. These disputes have no substantial relation to the Rio Madeira project. On or about December 4, 2006, Aggreko acquired GE Energy Rentals do Brasil Ltda. and GE Energy do Brasil Ltda (now known as Aggreko Energia Locação de Geradores Ltda.). The parent company of these GE companies, apparently, is obligated to indemnify Aggreko for any damages arising from any legacy disputes and, therefore, has been supervising the defense of the lawsuits.

7.  Mr. Muriel's client in the pending actions is Aggreko, although he takes direction from GE pursuant to the indemnity agreement and his bills are paid by GE. Mr. Muriel does not act for GE generally in either the arbitration or the related litigation.

8.  GE has neither controverted the substance of Mr. Muriel's declaration nor identified any reliance on confidential information. Moreover, Mr. Muriel represented Aggreko at the final hearing of the arbitration on Friday, September 21, a week after GE complained about the purported conflict.

9.  To avoid even the appearance of impropriety, CNO has supported its memorandum of law in opposition to Defendants' motion seeking dismissal of the complaint and the imposition of sanctions with the declaration of a new expert, who, as part of his opinions, has corroborated the content of Mr. Muriel's declaration.

10. On the afternoon of September 12, 2007, we filed the Complaint and delivered courtesy copies of our motion papers to chambers. CNO did not ask for an *ex parte* temporary restraining order. We did not put anything in our moving papers as justification for holding an *ex parte* hearing on September 12, 2007, and we had no intention of seeking a TRO without GE's counsel being present. When we came upstairs to chambers at approximately 4 p.m., we explained that we were we were asking that the hearing be scheduled for the next day at a time convenient for both the Court and GE's counsel. After waiting a few minutes, we were told by one of the Court's clerks that the hearing would be scheduled at 10 a.m. the following morning. I promptly contacted the office of GE's General Counsel at 4:38 p.m., immediately after returning to our office from the courthouse.

11. On Friday, September 14, a day after the hearing on CNO's application for a temporary restraining order, we were notified by Brazilian counsel that SDE had published in the Official Gazette a preliminary order barring implementation of the exclusivity clause at issue in this case and initiating a formal administrative process before SDE in which CNO would have the right to confront the charges and to present a defense in an open hearing. CNO is confident that it can prove that the exclusivity provision in dispute has a proper business justification and is not anti-competitive. If CNO prevails, the preventive measure will be vacated. If not, SDE will make a formal referral to the Brazilian antitrust tribunal, the Administrative Council of Economic Protection ("CADE").

12. As soon as we learned of the SDE order, we immediately informed the Court of this unexpected development. Attached hereto as Exhibit 1 to this Declaration is a true and correct copy of the letter from Howard L. Vickery to the Honorable Colleen McMahon, dated September 14, 2007, and the exhibits thereto.

13. Prior to filing the instant suit, neither I nor anyone at Boies, Schiller & Flexner LLP was aware that the issuance of an SDE order was imminent.

14. CNO immediately filed a writ of mandamus seeking to set aside the SDE Order. The SDE order was stayed by a Brazilian federal court on September 17, 2007, the very next business day after it was published in the Official Gazette.

15. Four days later, on last Thursday, September 20, 2007, the same day that GE filed its memorandum in support of its motion to dismiss, the Brazilian federal court dissolved its stay, thus reinstating the SDE's preliminary order. CNO has taken further appeals.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 27, 2007

_____
HOWARD L. VICKERY