# EXHIBIT 1

# Boies, Schiller & Flexner LLP

575 Lexington Avenue
New York, New York 10022
(212) 446-2300
Facsimile: (212) 446-2350

## FACSIMILE COVER SHEET
### *PRIVILEGED AND CONFIDENTIAL*

| | | | |
|---|---|---|---|
| **TO:** | Hon. Colleen McMahon | **FAX:** | 212-805-6325 |
| | Vernon S. Broderick, Esq. | | 212-310-8007 |
| | Richard Rothman, Esq. | | 212-310-8285 |
| **FROM:** | Howard L. Vickery, Esq. | **CLIENT/MATTER:** | 6225.0001 |
| **DATE:** | September 14, 2007 | **TOTAL NUMBER OF PAGES:** | 4 |
| | | (Including this cover sheet) | |

### IF YOU DO NOT RECEIVE ALL THE PAGES INDICATED ABOVE, PLEASE CONTACT US AS SOON AS POSSIBLE AT (212) 446-2300

**MESSAGE:**

Please see the attached.

This facsimile transmission contains confidential and/or legally privileged information from the law firm Boies, Schiller & Flexner LLP intended only for use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution of, or the taking of any action in reliance on, the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately, so that we can arrange for the return of the documents to us at no cost to you.

# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

September 14, 2007

BY TELEFAX

The Honorable Colleen McMahon
United States District Judge for the
　Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: CNO S.A. v. GE Co., et al (No. 07 Civ. 8014)

Dear Judge McMahon,

I am enclosing a copy of an order that the Secretaria de Direito Econômico ("SDE"), the anti-trust investigatory agency in Brazil, published in the Official Gazette today, together with an English translation thereof, regarding the exclusivity provision in the contract between Construtora Norberto Odebrecht and General Electric. We are presently reviewing the implications of this action with Brazilian counsel. We are prepared to address this order in our opposition to the defendants' motion to dismiss or at such time as the Court directs.

Respectfully,

Howard L. Vickery /s.R.W.

Howard L. Vickery

Enclosure

cc: Richard Rothman, Esq. (by telefax)
　　Vernon S. Broderick, Esq. (by telefax)

# SECRETARIA DE DIREITO ECONÔMICO

## DESPACHO DA SECRETÁRIA
Em 13 de setembro de 2007

Nº 679 - Procedimento Administrativo Nº 08012.008678/2007-98. Representante: Secretaria de Direito Econômico ex officio. Representada: Construtora Norberto Odebrecht S.A. Adv.: Ubiratan Mattos e outros. Acolho a nota técnica de fls., aprovada pela Diretora do Departamento de Proteção e Defesa Econômica, Dra. Ana Paula Martinez, e, com fulcro no § 1º do art. 50 da Lei nº 9.784/99, integro as suas razões à presente decisão, inclusive como sua motivação. Decido pela instauração de Processo Administrativo em desfavor da Representada para apurar ocorrência de infração à ordem econômica consistente no suposto fechamento de mercado com relação a acesso por parte de concorrentes a (i) fornecedores de geradores, turbinas bulbo e equipamentos relacionados; (ii) fornecedores de equipamentos elétricos, eletromecânicos e hidromecânicos; e (iii) bancos privados e seguradoras para participar dos leilões de concessão das usinas hidrelétricas de Santo Antônio (RO) e Jirau (RO), passível de enquadramento no art. 20, incisos I e II, c/c art. 21, incisos V e VI, da Lei nº 8.884/94, por reconhecer indícios suficientes à sua instauração nos fatos mencionados na nota supracitada. Ademais, constatada a possibilidade e iminência de dano irreparável ou de difícil reparação à concorrência no que se refere a acesso a fornecedores de geradores, turbinas bulbo e equipamentos relacionados, decido pela adoção de MEDIDA PREVENTIVA, com base no art. 52, da Lei nº 8.884/94, determinando: (i) a imediata anulação da cláusula constante da Ata de Reunião assinada em 11.01.2006 entre Construtora Norberto Odebrecht S.A. e General Electric Company relativa ao compromisso de não-concorrência desta última com o consórcio liderado pela Representada para participar dos leilões de concessão das usinas hidrelétricas de Santo Antônio e Jirau, exigindo-se que a General Electric Company não se vincule com exclusividade a qualquer outro consórcio para participar dos referidos leilões de concessão; e (ii) a imediata anulação parcial da cláusula de exclusividade constante do Acordo de Confidencialidade e Exclusividade assinado em 12.06.2006, e aditado em 26.10.2006, entre Construtora Norberto Odebrecht S.A. e Alstom Hydro Energia Brasil Ltda., VA Tech Hydro Brasil Ltda. e Voith Siemens Hydro Power Generation Ltda, de modo a permitir que as empresas integrantes dos grupos econômicos Alstom, VA Tech e Voith Siemens possam, após a realização de cada um dos leilões, negociar com o consórcio vencedor de cada respectivo leilão com vistas a fornecer equipamentos e serviços relacionados, no caso de o consórcio liderado pelo Grupo Odebrecht não se sagrar vencedor em cada um desses leilões. Tendo em vista a gravidade dos fatos verificados e a capacidade econômica da Representada, determino, ainda, a fixação de multa diária, em caso de descumprimento da medida preventiva, no valor de R$ 100.000,00 (cem mil reais), até a decisão final do presente processo administrativo. Notifique-se a Representada para, querendo, apresentar sua defesa, no prazo legal, sob pena de revelia, nos termos dos §§ 1º e 2º do art. 33 da Lei nº 8.884/94.

MARIANA TAVARES DE ARAÚJO

DEPARTAMENTO DE PROTEÇÃO
E DEFESA DO CONSUMIDOR

MINISTRY OF JUSTICE
SECRETARIAT OF ECONOMIC LAW
ORDER FROM THE SECRETARY
September 13, 2007

No. 679 – Administrative Procedure No. 08012.008678/2007-98. Representative: Secretariat of Economic Law ex officio. Represented Party: Construtora Norberto Odebrecht S.A. Counsel: Ubiratan Mattos and others. I hereby accept the technical note of pages, as approved by Ms. Ana Paula Martinez, Director of the Department of Economic Protection and Defense, and I hereby incorporate her reasons to this order, especially §1 of Art. 50 of Law No. 9,784/99, including as its motivation. I decide to initiate an Administrative Process against the Represented Party in order to investigate whether a violation of the economic order has occurred, consisting of the alleged cornering of the market with respect to access by competitors to: (i) suppliers of generators, bulb turbines, and related equipment; (ii) suppliers of electrical, electromechanical, and hydromechanical equipment; and (iii) private banks and insurers, for their participation in the auctions for the concessions of the Santo Antônio (RO) and Jirau (RO) hydropower plants, subject to the terms of Art. 20, items I and II, c/c Art. 21, items V and VI of Law No. 8,884/94, in recognition of evidence contained in the facts described in the aforementioned note, which are sufficient for the initiation thereof. Furthermore, in light of the possibility and imminence of irreparable or difficult to repair damage to competitors with respect to their access to suppliers of generators, bulb turbines, and related equipment, I decide to adopt the PREVENTIVE MEASURE, pursuant to Art. 52 of Law No. 8,884/94, and stipulate: (i) the immediate cancellation of the clause included in the Minutes of Meeting signed on 1/11/2006 between Construtora Norberto Odebrecht S.A. and General Electric Company with respect to the latter's commitment not to compete with the consortium led by the Represented Party in participating in the auctions for the Santo Antônio and Jirau Hydropower Plant concessions, which requires that the General Electric Company not join exclusively with any other consortium to participate in said concession auctions; and (ii) the immediate partial cancellation of the exclusivity clause included in the Confidentiality and Exclusivity Agreement entered into on 6/12/2006, as amended on 10/26/2006, between Construtora Norberto Odebrecht S.A. and Alstom Hydro Energia Brasil Ltda., VA Tech Hydro Brasil Ltda., and Voith Siemens Hydro Power Generation Ltda., in order to allow the companies in the Alston, VA Tech, and Voith Siemens economic groups, after each of the auctions is held, to enter into negotiations with the winning consortium in each respective auction, in order to supply equipment and related services, should the consortium led by the Odebrecht Group not be the winner in each of these auctions. In light of the seriousness of the facts that have been verified and the economic power of the Represented Party, I hereby further stipulate a daily fine of R$ 100,000.00 (one hundred thousand reals) for noncompliance with the preventive measure until a final decision is rendered on this administrative process. The Represented Party is notified to present its defense, if it so wishes, within the legal timeframe, under penalty of default, pursuant to §§ 1 and 2 of Art. 33 of Law No. 8,884/94.

MARIANA TAVARES DE ARAÚJO