# EXHIBIT 3

**Law No. 9,784 of January 29, 1999**
(as published in the Official Gazette of the Union on February 1, 1999)

This law regulates the administrative process within the Federal Public Administration.

(...)

## CHAPTER I
### GENERAL DISPOSITIONS

(...)

Art. 2  The Public Administration shall abide by, among others, the rules of legality, purpose, motivation, reason, proportionality, morality, due process, adversarial proceedings, legal assurance, public interest, and efficiency.

Sole Paragraph.  In administrative processes, the following criteria shall be observed, among others:

I – acting pursuant to statutes and the Law;
II – serving purposes in the general interest, any full or partial waiver of powers or jurisdiction being hereby precluded unless authorized by law;
III – objectivity in serving the public interest, any personal promotion of agents or authorities being hereby precluded;
IV – acting in accordance with the ethical standards of probity, decorum and good faith;
V – official publication of administrative acts, except in those events of secrecy contemplated in the Constitution;
VI – a suitable balance between means and ends, any imposition of obligations, restrictions and sanctions to an extent greater than as strictly necessary to serve the public interest being hereby precluded;
VII – indication of the factual and legal premises grounding any decision;
VIII – compliance with essential formalities to assure the rights of the parties subject to government administration;
IX – adoption of simple forms such as suffice to afford a suitable degree of certainty, safety and respect for the rights of the parties subject to government administration;
X – assurance of the rights to communicate, submit final allegations, produce evidence, and file appeals in any proceedings that may give rise to sanctions and in any litigious situations;
XI –prohibition of charging for procedural expenses unless otherwise provided by law;
XII – expediency, *ex officio*, of administrative proceedings without prejudice to the actions of any interested parties;

XIII – construction of administrative rulings in such manner as to best assure the fulfillment of the targeted public purpose, any retroactive application of a new construction being hereby precluded.

## CHAPTER II
### *THE RIGHTS OF THOSE UNDER PUBLIC ADMINISTRATION*

Art. 3  Those who are under public administration have the following rights before the Administration, without prejudice to other rights that may be assured to them:

I – To be treated with respect by the authorities and public servants, who shall facilitate the exercise of their rights and the fulfillment of their duties;

II – To have knowledge of the progress of administrative processes in which they are an interested party, to have access to the records, to obtain copies of the documents contained therein, and to be informed of decisions rendered;

III – To prepare arguments and submit documents that shall be considered by the proper authority prior to a decision;

IV – To have the option of receiving assistance from an attorney, except when such representation is mandatory by law.

# TRANSLATORS' CERTIFICATE

I, Timothy Yuan, hereby certify that I speak and write both the Portuguese and English languages; that I have translated the foregoing **Law No. 9784 Excerpts** to the best of my ability; and that it is a true and correct translation to the best of my knowledge, information, and belief.

_____                    9/27/07
Signature                                             Date

KAVITHA REDDY
NOTARY PUBLIC-STATE OF NEW YORK
No. 02RE6154611
Qualified in New York County
My Commission Expires October 23, 2010

 Ministério da Justiça    Destaques do Governo     

English Version

- Principal
- Institucional
    - O que é o CADE
    - Funções do CADE
    - Composição
    - CADE em Números
    - Horário de Funcionamento
    - Agenda do CADE
    - Taxas e Multas
    - Programa de Intercâmbio
    - Contato
- Internacional
    - Acordos Internacionais em Vigor
    - Legislation and Resolutions
    - Mercosul
    - OCDE
    - ICN
    - Organismos Internacionais
    - Outros Documentos/Other Documents
    - Peer Review
    - Regular Sessions Agenda
- Processual
    - Consulta processual
    - TCC
    - TCD
    - APRO
    - Medida Cautelar
    - Medida Preventiva
- Legislação
    - Constituição (artigos correlatos)
    - Leis
    - Decretos
    - Portarias
    - Resoluções
    - Regimento Interno
- Consulta Pública
- Jurisprudência
    - Pesquisa de Jurisprudência
    - Pesquisar por partes
    - Pesquisar por conselheiros
    - Pesquisar por processos
    - Súmula do CADE
- Sessões
    - Agenda Anual de Sessões
    - Pautas de sessões
        - Pautas das sessões ordinárias
        - Pautas das sessões extraordinárias
        - Pautas das sessões extraordinárias reservadas
        - Pautas das sessões reservadas

Conselho Administrativo de Defesa Econômica

- o Atas das sessões de distribuição
  - ▪ Sessões ordinárias de distribuição
  - ▪ Sessões extraordinárias de distrtibuição
  - ▪ Sessões reservadas de distribuição
- o Atas das sessões do plenário
  - ▪ Sessões ordinárias
  - ▪ Sessões extraordinárias
  - ▪ Sessões reservadas
- o Pauta Eletrônica
- o Gravações das sessões
- Licitação
  - o Licitação
  - o Registro de Preços
- Notícias
  - o Notícias
  - o Comunicados
  - o Cade Informa
- Publicações
  - o Revista de Direito Econômico
  - o Relatório Anual
  - o Cartilha do CADE
  - o Revista de Direito da Concorrência
- Restrito
  - o Clipping
  - o E-mail
  - o Proquest
- Site de Interesse

**Lei nº 9.784, de 29 de janeiro de 1999**
(publicada no Diário Oficial da União de 1.2.99)

Regula o processo administrativo no âmbito da Administração Pública Federal.

O Presidente da República
Faço saber que o Congresso Nacional decreta e eu sanciono a seguinte Lei:

## CAPÍTULO I
## DAS DISPOSIÇÕES GERAIS

Art. 1o Esta Lei estabelece normas básicas sobre o processo administrativo no âmbito da Administração Federal direta e indireta, visando, em especial, à proteção dos direitos dos administrados e ao melhor cumprimento dos fins da Administração.

§ 1o Os preceitos desta Lei também se aplicam aos órgãos dos Poderes Legislativo e Judiciário da União, quando no desempenho de função administrativa.

§ 2o Para os fins desta Lei, consideram-se:
I - órgão - a unidade de atuação integrante da estrutura da Administração direta e da estrutura da Administração indireta;
II - entidade - a unidade de atuação dotada de personalidade jurídica;
III - autoridade - o servidor ou agente público dotado de poder de decisão.

Art. 2o A Administração Pública obedecerá, dentre outros, aos princípios da legalidade, finalidade,

Conselho Administrativo de Defesa Econômica

motivação, razoabilidade, proporcionalidade, moralidade, ampla defesa, contraditório, segurança jurídica, interesse público e eficiência.

Parágrafo único. Nos processos administrativos serão observados, entre outros, os critérios de:
I - atuação conforme a lei e o Direito;
II - atendimento a fins de interesse geral, vedada a renúncia total ou parcial de poderes ou competências, salvo autorização em lei;
III - objetividade no atendimento do interesse público, vedada a promoção pessoal de agentes ou autoridades;
IV - atuação segundo padrões éticos de probidade, decoro e boa-fé;
V - divulgação oficial dos atos administrativos, ressalvadas as hipóteses de sigilo previstas na Constituição;
VI - adequação entre meios e fins, vedada a imposição de obrigações, restrições e sanções em medida superior àquelas estritamente necessárias ao atendimento do interesse público;
VII - indicação dos pressupostos de fato e de direito que determinarem a decisão;
VIII - observância das formalidades essenciais à garantia dos direitos dos administrados;
IX - adoção de formas simples, suficientes para propiciar adequado grau de certeza, segurança e respeito aos direitos dos administrados;
X - garantia dos direitos à comunicação, à apresentação de alegações finais, à produção de provas e à interposição de recursos, nos processos de que possam resultar sanções e nas situações de litígio;
XI - proibição de cobrança de despesas processuais, ressalvadas as previstas em lei;
XII - impulsão, de ofício, do processo administrativo, sem prejuízo da atuação dos interessados;
XIII - interpretação da norma administrativa da forma que melhor garanta o atendimento do fim público a que se dirige, vedada aplicação retroativa de nova interpretação.

## CAPÍTULO II
### DOS DIREITOS DOS ADMINISTRADOS

Art. 3o O administrado tem os seguintes direitos perante a Administração, sem prejuízo de outros que lhe sejam assegurados:
I - ser tratado com respeito pelas autoridades e servidores, que deverão facilitar o exercício de seus direitos e o cumprimento de suas obrigações;
II - ter ciência da tramitação dos processos administrativos em que tenha a condição de interessado, ter vista dos autos, obter cópias de documentos neles contidos e conhecer as decisões proferidas;
III - formular alegações e apresentar documentos antes da decisão, os quais serão objeto de consideração pelo órgão competente;
IV - fazer-se assistir, facultativamente, por advogado, salvo quando obrigatória a representação, por força de lei.

## CAPÍTULO III
### DOS DEVERES DO ADMINISTRADO

Art. 4o São deveres do administrado perante a Administração, sem prejuízo de outros previstos em ato normativo:
I - expor os fatos conforme a verdade;
II - proceder com lealdade, urbanidade e boa-fé;
III - não agir de modo temerário;
IV - prestar as informações que lhe forem solicitadas e colaborar para o esclarecimento dos fatos.

## CAPÍTULO IV

## DO INÍCIO DO PROCESSO

Art. 5o O processo administrativo pode iniciar-se de ofício ou a pedido de interessado.

Art. 6o O requerimento inicial do interessado, salvo casos em que for admitida solicitação oral, deve ser formulado por escrito e conter os seguintes dados:
I - órgão ou autoridade administrativa a que se dirige;
II - identificação do interessado ou de quem o represente;
III - domicílio do requerente ou local para recebimento de comunicações;
IV - formulação do pedido, com exposição dos fatos e de seus fundamentos;
V - data e assinatura do requerente ou de seu representante.

Parágrafo único. É vedada à Administração a recusa imotivada de recebimento de documentos, devendo o servidor orientar o interessado quanto ao suprimento de eventuais falhas.

Art. 7o Os órgãos e entidades administrativas deverão elaborar modelos ou formulários padronizados para assuntos que importem pretensões equivalentes.

Art. 8o Quando os pedidos de uma pluralidade de interessados tiverem conteúdo e fundamentos idênticos, poderão ser formulados em um único requerimento, salvo preceito legal em contrário.


## CAPÍTULO V
## DOS INTERESSADOS

Art. 9o São legitimados como interessados no processo administrativo:
I - pessoas físicas ou jurídicas que o iniciem como titulares de direitos ou interesses individuais ou no exercício do direito de representação;
II - aqueles que, sem terem iniciado o processo, têm direitos ou interesses que possam ser afetados pela decisão a ser adotada;
III - as organizações e associações representativas, no tocante a direitos e interesses coletivos;
IV - as pessoas ou as associações legalmente constituídas quanto a direitos ou interesses difusos.

Art. 10. São capazes, para fins de processo administrativo, os maiores de dezoito anos, ressalvada previsão especial em ato normativo próprio.


## CAPÍTULO VI
## DA COMPETÊNCIA

Art. 11. A competência é irrenunciável e se exerce pelos órgãos administrativos a que foi atribuída como própria, salvo os casos de delegação e avocação legalmente admitidos.

Art. 12. Um órgão administrativo e seu titular poderão, se não houver impedimento legal, delegar parte da sua competência a outros órgãos ou titulares, ainda que estes não lhe sejam hierarquicamente subordinados, quando for conveniente, em razão de circunstâncias de índole técnica, social, econômica, jurídica ou territorial.

Parágrafo único. O disposto no caput deste artigo aplica-se à delegação de competência dos órgãos colegiados aos respectivos presidentes.

Art. 13. Não podem ser objeto de delegação:
I - a edição de atos de caráter normativo;
II - a decisão de recursos administrativos;
III - as matérias de competência exclusiva do órgão ou autoridade.

Conselho Administrativo de Defesa Econômica                                    Page 5 of 12

Art. 14. O ato de delegação e sua revogação deverão ser publicados no meio oficial.

§ 1o O ato de delegação especificará as matérias e poderes transferidos, os limites da atuação do delegado, a duração e os objetivos da delegação e o recurso cabível, podendo conter ressalva de exercício da atribuição delegada.

§ 2o O ato de delegação é revogável a qualquer tempo pela autoridade delegante.

§ 3o As decisões adotadas por delegação devem mencionar explicitamente esta qualidade e considerar-se-ão editadas pelo delegado.

Art. 15. Será permitida, em caráter excepcional e por motivos relevantes devidamente justificados, a avocação temporária de competência atribuída a órgão hierarquicamente inferior.

Art. 16. Os órgãos e entidades administrativas divulgarão publicamente os locais das respectivas sedes e, quando conveniente, a unidade fundacional competente em matéria de interesse especial.

Art. 17. Inexistindo competência legal específica, o processo administrativo deverá ser iniciado perante a autoridade de menor grau hierárquico para decidir.

## CAPÍTULO VII
## DOS IMPEDIMENTOS E DA SUSPEIÇÃO

Art. 18. É impedido de atuar em processo administrativo o servidor ou autoridade que:
I - tenha interesse direto ou indireto na matéria;
II - tenha participado ou venha a participar como perito, testemunha ou representante, ou se tais situações ocorrem quanto ao cônjuge, companheiro ou parente e afins até o terceiro grau;
III - esteja litigando judicial ou administrativamente com o interessado ou respectivo cônjuge ou companheiro.

Art. 19. A autoridade ou servidor que incorrer em impedimento deve comunicar o fato à autoridade competente, abstendo-se de atuar.

Parágrafo único. A omissão do dever de comunicar o impedimento constitui falta grave, para efeitos disciplinares.

Art. 20. Pode ser argüida a suspeição de autoridade ou servidor que tenha amizade íntima ou inimizade notória com algum dos interessados ou com os respectivos cônjuges, companheiros, parentes e afins até o terceiro grau.

Art. 21. O indeferimento de alegação de suspeição poderá ser objeto de recurso, sem efeito suspensivo.

## CAPÍTULO VIII
## DA FORMA, TEMPO E LUGAR DOS ATOS DO PROCESSO

Art. 22. Os atos do processo administrativo não dependem de forma determinada senão quando a lei expressamente a exigir.

§ 1o Os atos do processo devem ser produzidos por escrito, em vernáculo, com a data e o local de sua realização e a assinatura da autoridade responsável.

§ 2o Salvo imposição legal, o reconhecimento de firma somente será exigido quando houver dúvida

Conselho Administrativo de Defesa Econômica                                    Page 6 of 12

de autenticidade.

§ 3o A autenticação de documentos exigidos em cópia poderá ser feita pelo órgão administrativo.

§ 4o O processo deverá ter suas páginas numeradas seqüencialmente e rubricadas.

Art. 23. Os atos do processo devem realizar-se em dias úteis, no horário normal de funcionamento da repartição na qual tramitar o processo.

Parágrafo único. Serão concluídos depois do horário normal os atos já iniciados, cujo adiamento prejudique o curso regular do procedimento ou cause dano ao interessado ou à Administração.

Art. 24. Inexistindo disposição específica, os atos do órgão ou autoridade responsável pelo processo e dos administrados que dele participem devem ser praticados no prazo de cinco dias, salvo motivo de força maior.

Parágrafo único. O prazo previsto neste artigo pode ser dilatado até o dobro, mediante comprovada justificação.

Art. 25. Os atos do processo devem realizar-se preferencialmente na sede do órgão, cientificando-se o interessado se outro for o local de realização.


## CAPÍTULO IX
## DA COMUNICAÇÃO DOS ATOS

Art. 26. O órgão competente perante o qual tramita o processo administrativo determinará a intimação do interessado para ciência de decisão ou a efetivação de diligências.

§ 1o A intimação deverá conter:
I - identificação do intimado e nome do órgão ou entidade administrativa;
II - finalidade da intimação;
III - data, hora e local em que deve comparecer;
IV - se o intimado deve comparecer pessoalmente, ou fazer-se representar;
V - informação da continuidade do processo independentemente do seu comparecimento;
VI - indicação dos fatos e fundamentos legais pertinentes.

§ 2o A intimação observará a antecedência mínima de três dias úteis quanto à data de comparecimento.

§ 3o A intimação pode ser efetuada por ciência no processo, por via postal com aviso de recebimento, por telegrama ou outro meio que assegure a certeza da ciência do interessado.

§ 4o No caso de interessados indeterminados, desconhecidos ou com domicílio indefinido, a intimação deve ser efetuada por meio de publicação oficial.

§ 5o As intimações serão nulas quando feitas sem observância das prescrições legais, mas o comparecimento do administrado supre sua falta ou irregularidade.

Art. 27. O desatendimento da intimação não importa o reconhecimento da verdade dos fatos, nem a renúncia a direito pelo administrado.

Parágrafo único. No prosseguimento do processo, será garantido direito de ampla defesa ao interessado.

Art. 28. Devem ser objeto de intimação os atos do processo que resultem para o interessado em

Conselho Administrativo de Defesa Econômica

imposição de deveres, ônus, sanções ou restrição ao exercício de direitos e atividades e os atos de outra natureza, de seu interesse.

## CAPÍTULO X
## DA INSTRUÇÃO

Art. 29. As atividades de instrução destinadas a averiguar e comprovar os dados necessários à tomada de decisão realizam-se de ofício ou mediante impulsão do órgão responsável pelo processo, sem prejuízo do direito dos interessados de propor atuações probatórias.

§ 1o O órgão competente para a instrução fará constar dos autos os dados necessários à decisão do processo.

§ 2o Os atos de instrução que exijam a atuação dos interessados devem realizar-se do modo menos oneroso para estes.

Art. 30. São inadmissíveis no processo administrativo as provas obtidas por meios ilícitos.

Art. 31. Quando a matéria do processo envolver assunto de interesse geral, o órgão competente poderá, mediante despacho motivado, abrir período de consulta pública para manifestação de terceiros, antes da decisão do pedido, se não houver prejuízo para a parte interessada.

§ 1o A abertura da consulta pública será objeto de divulgação pelos meios oficiais, a fim de que pessoas físicas ou jurídicas possam examinar os autos, fixando-se prazo para oferecimento de alegações escritas.

§ 2o O comparecimento à consulta pública não confere, por si, a condição de interessado do processo, mas confere o direito de obter da Administração resposta fundamentada, que poderá ser comum a todas as alegações substancialmente iguais.

Art. 32. Antes da tomada de decisão, a juízo da autoridade, diante da relevância da questão, poderá ser realizada audiência pública para debates sobre a matéria do processo.

Art. 33. Os órgãos e entidades administrativas, em matéria relevante, poderão estabelecer outros meios de participação de administrados, diretamente ou por meio de organizações e associações legalmente reconhecidas.

Art. 34. Os resultados da consulta e audiência pública e de outros meios de participação de administrados deverão ser apresentados com a indicação do procedimento adotado.

Art. 35. Quando necessária à instrução do processo, a audiência de outros órgãos ou entidades administrativas poderá ser realizada em reunião conjunta, com a participação de titulares ou representantes dos órgãos competentes, lavrando-se a respectiva ata, a ser juntada aos autos.

Art. 36. Cabe ao interessado a prova dos fatos que tenha alegado, sem prejuízo do dever atribuído ao órgão competente para a instrução e do disposto no art. 37 desta Lei.

Art. 37. Quando o interessado declarar que fatos e dados estão registrados em documentos existentes na própria Administração responsável pelo processo ou em outro órgão administrativo, o órgão competente para a instrução proverá, de ofício, à obtenção dos documentos ou das respectivas cópias.

Art. 38. O interessado poderá, na fase instrutória e antes da tomada da decisão, juntar documentos e pareceres, requerer diligências e perícias, bem como aduzir alegações referentes à matéria objeto do processo.

§ 1o Os elementos probatórios deverão ser considerados na motivação do relatório e da decisão.

§ 2o Somente poderão ser recusadas, mediante decisão fundamentada, as provas propostas pelos interessados quando sejam ilícitas, impertinentes, desnecessárias ou protelatórias.

Art. 39. Quando for necessária a prestação de informações ou a apresentação de provas pelos interessados ou terceiros, serão expedidas intimações para esse fim, mencionando-se data, prazo, forma e condições de atendimento.

Parágrafo único. Não sendo atendida a intimação, poderá o órgão competente, se entender relevante a matéria, suprir de ofício a omissão, não se eximindo de proferir a decisão.

Art. 40. Quando dados, atuações ou documentos solicitados ao interessado forem necessários à apreciação de pedido formulado, o não atendimento no prazo fixado pela Administração para a respectiva apresentação implicará arquivamento do processo.

Art. 41. Os interessados serão intimados de prova ou diligência ordenada, com antecedência mínima de três dias úteis, mencionando-se data, hora e local de realização.

Art. 42. Quando deva ser obrigatoriamente ouvido um órgão consultivo, o parecer deverá ser emitido no prazo máximo de quinze dias, salvo norma especial ou comprovada necessidade de maior prazo.

§ 1o Se um parecer obrigatório e vinculante deixar de ser emitido no prazo fixado, o processo não terá seguimento até a respectiva apresentação, responsabilizando-se quem der causa ao atraso.

§ 2o Se um parecer obrigatório e não vinculante deixar de ser emitido no prazo fixado, o processo poderá ter prosseguimento e ser decidido com sua dispensa, sem prejuízo da responsabilidade de quem se omitiu no atendimento.

Art. 43. Quando por disposição de ato normativo devam ser previamente obtidos laudos técnicos de órgãos administrativos e estes não cumprirem o encargo no prazo assinalado, o órgão responsável pela instrução deverá solicitar laudo técnico de outro órgão dotado de qualificação e capacidade técnica equivalentes.

Art. 44. Encerrada a instrução, o interessado terá o direito de manifestar-se no prazo máximo de dez dias, salvo se outro prazo for legalmente fixado.

Art. 45. Em caso de risco iminente, a Administração Pública poderá motivadamente adotar providências acauteladoras sem a prévia manifestação do interessado.

Art. 46. Os interessados têm direito à vista do processo e a obter certidões ou cópias reprográficas dos dados e documentos que o integram, ressalvados os dados e documentos de terceiros protegidos por sigilo ou pelo direito à privacidade, à honra e à imagem.

Art. 47. O órgão de instrução que não for competente para emitir a decisão final elaborará relatório indicando o pedido inicial, o conteúdo das fases do procedimento e formulará proposta de decisão, objetivamente justificada, encaminhando o processo à autoridade competente.

## CAPÍTULO XI
## DO DEVER DE DECIDIR

Art. 48. A Administração tem o dever de explicitamente emitir decisão nos processos administrativos e sobre solicitações ou reclamações, em matéria de sua competência.

Art. 49. Concluída a instrução de processo administrativo, a Administração tem o prazo de até trinta

dias para decidir, salvo prorrogação por igual período expressamente motivada.

## CAPÍTULO XII
## DA MOTIVAÇÃO

Art. 50. Os atos administrativos deverão ser motivados, com indicação dos fatos e dos fundamentos jurídicos, quando:
I - neguem, limitem ou afetem direitos ou interesses;
II - imponham ou agravem deveres, encargos ou sanções;
III - decidam processos administrativos de concurso ou seleção pública;
IV - dispensem ou declarem a inexigibilidade de processo licitatório;
V - decidam recursos administrativos;
VI - decorram de reexame de ofício;
VII - deixem de aplicar jurisprudência firmada sobre a questão ou discrepem de pareceres, laudos, propostas e relatórios oficiais;
VIII - importem anulação, revogação, suspensão ou convalidação de ato administrativo.

§ 1o A motivação deve ser explícita, clara e congruente, podendo consistir em declaração de concordância com fundamentos de anteriores pareceres, informações, decisões ou propostas, que, neste caso, serão parte integrante do ato.

§ 2o Na solução de vários assuntos da mesma natureza, pode ser utilizado meio mecânico que reproduza os fundamentos das decisões, desde que não prejudique direito ou garantia dos interessados.

§ 3o A motivação das decisões de órgãos colegiados e comissões ou de decisões orais constará da respectiva ata ou de termo escrito.

## CAPÍTULO XIII
## DA DESISTÊNCIA E OUTROS CASOS DE EXTINÇÃO DO PROCESSO

Art. 51. O interessado poderá, mediante manifestação escrita, desistir total ou parcialmente do pedido formulado ou, ainda, renunciar a direitos disponíveis.

§ 1o Havendo vários interessados, a desistência ou renúncia atinge somente quem a tenha formulado.

§ 2o A desistência ou renúncia do interessado, conforme o caso, não prejudica o prosseguimento do processo, se a Administração considerar que o interesse público assim o exige.

Art. 52. O órgão competente poderá declarar extinto o processo quando exaurida sua finalidade ou o objeto da decisão se tornar impossível, inútil ou prejudicado por fato superveniente.

## CAPÍTULO XIV
## DA ANULAÇÃO, REVOGAÇÃO E CONVALIDAÇÃO

Art. 53. A Administração deve anular seus próprios atos, quando eivados de vício de legalidade, e pode revogá-los por motivo de conveniência ou oportunidade, respeitados os direitos adquiridos.

Art. 54. O direito da Administração de anular os atos administrativos de que decorram efeitos favoráveis para os destinatários decai em cinco anos, contados da data em que foram praticados,

Conselho Administrativo de Defesa Econômica                                    Page 10 of 12

salvo comprovada má-fé.

§ 1o No caso de efeitos patrimoniais contínuos, o prazo de decadência contar-se-á da percepção do primeiro pagamento.

§ 2o Considera-se exercício do direito de anular qualquer medida de autoridade administrativa que importe impugnação à validade do ato.

Art. 55. Em decisão na qual se evidencie não acarretarem lesão ao interesse público nem prejuízo a terceiros, os atos que apresentarem defeitos sanáveis poderão ser convalidados pela própria Administração.


# CAPÍTULO XV
## DO RECURSO ADMINISTRATIVO E DA REVISÃO

Art. 56. Das decisões administrativas cabe recurso, em face de razões de legalidade e de mérito.

§ 1o O recurso será dirigido à autoridade que proferiu a decisão, a qual, se não a reconsiderar no prazo de cinco dias, o encaminhará à autoridade superior.

§ 2o Salvo exigência legal, a interposição de recurso administrativo independe de caução.

Art. 57. O recurso administrativo tramitará no máximo por três instâncias administrativas, salvo disposição legal diversa.

Art. 58. Têm legitimidade para interpor recurso administrativo:
I - os titulares de direitos e interesses que forem parte no processo;
II - aqueles cujos direitos ou interesses forem indiretamente afetados pela decisão recorrida;
III - as organizações e associações representativas, no tocante a direitos e interesses coletivos;
IV - os cidadãos ou associações, quanto a direitos ou interesses difusos.

Art. 59. Salvo disposição legal específica, é de dez dias o prazo para interposição de recurso administrativo, contado a partir da ciência ou divulgação oficial da decisão recorrida.

§ 1o Quando a lei não fixar prazo diferente, o recurso administrativo deverá ser decidido no prazo máximo de trinta dias, a partir do recebimento dos autos pelo órgão competente.

§ 2o O prazo mencionado no parágrafo anterior poderá ser prorrogado por igual período, ante justificativa explícita.

Art. 60. O recurso interpõe-se por meio de requerimento no qual o recorrente deverá expor os fundamentos do pedido de reexame, podendo juntar os documentos que julgar convenientes.

Art. 61. Salvo disposição legal em contrário, o recurso não tem efeito suspensivo.

Parágrafo único. Havendo justo receio de prejuízo de difícil ou incerta reparação decorrente da execução, a autoridade recorrida ou a imediatamente superior poderá, de ofício ou a pedido, dar efeito suspensivo ao recurso.

Art. 62. Interposto o recurso, o órgão competente para dele conhecer deverá intimar os demais interessados para que, no prazo de cinco dias úteis, apresentem alegações.

Art. 63. O recurso não será conhecido quando interposto:
I - fora do prazo;
II - perante órgão incompetente;

Conselho Administrativo de Defesa Econômica                                      Page 11 of 12

III - por quem não seja legitimado;
IV - após exaurida a esfera administrativa.

§ 1o Na hipótese do inciso II, será indicada ao recorrente a autoridade competente, sendo-lhe devolvido o prazo para recurso.

§ 2o O não conhecimento do recurso não impede a Administração de rever de ofício o ato ilegal, desde que não ocorrida preclusão administrativa.

Art. 64. O órgão competente para decidir o recurso poderá confirmar, modificar, anular ou revogar, total ou parcialmente, a decisão recorrida, se a matéria for de sua competência.

Parágrafo único. Se da aplicação do disposto neste artigo puder decorrer gravame à situação do recorrente, este deverá ser cientificado para que formule suas alegações antes da decisão.

Art. 65. Os processos administrativos de que resultem sanções poderão ser revistos, a qualquer tempo, a pedido ou de ofício, quando surgirem fatos novos ou circunstâncias relevantes suscetíveis de justificar a inadequação da sanção aplicada.

Parágrafo único. Da revisão do processo não poderá resultar agravamento da sanção.

**CAPÍTULO XVI**
**DOS PRAZOS**

Art. 66. Os prazos começam a correr a partir da data da cientificação oficial, excluindo-se da contagem o dia do começo e incluindo-se o do vencimento.

§ 1o Considera-se prorrogado o prazo até o primeiro dia útil seguinte se o vencimento cair em dia em que não houver expediente ou este for encerrado antes da hora normal.

§ 2o Os prazos expressos em dias contam-se de modo contínuo.

§ 3o Os prazos fixados em meses ou anos contam-se de data a data. Se no mês do vencimento não houver o dia equivalente àquele do início do prazo, tem-se como termo o último dia do mês.

Art. 67. Salvo motivo de força maior devidamente comprovado, os prazos processuais não se suspendem.

**CAPÍTULO XVII**
**DAS SANÇÕES**

Art. 68. As sanções, a serem aplicadas por autoridade competente, terão natureza pecuniária ou consistirão em obrigação de fazer ou de não fazer, assegurado sempre o direito de defesa.

**CAPÍTULO XVIII**
**DAS DISPOSIÇÕES FINAIS**

Art. 69. Os processos administrativos específicos continuarão a reger-se por lei própria, aplicando-se-lhes apenas subsidiariamente os preceitos desta Lei.

Conselho Administrativo de Defesa Econômica                                    Page 12 of 12

Art. 70. Esta Lei entra em vigor na data de sua publicação.

Brasília 29 de janeiro de 1999; 178o da Independência e 111o da República.


FERNANDO HENRIQUE CARDOSO