# EXHIBIT 4

**General Electric**
c/o General Electric do Brasil, Ltda.
Av. Nove de Julho, 5229 – 10th Floor
São Paulo, SP  01407-907
Brazil
T: +55-11-3067-8020
F: +55-11-3067-8004

/stamp: CONFIDENTIAL/

/handwritten: Let it be included in the records of PR 08012.008678/2007-S8 in a confidential attachment, with review allowed by GE and Odebrecht.
Brasília, August 9, 2007.  /s/ Alessandra Viana Reis, General Coordinator, CGSI/DPDE/SDE/

August 7, 2007

Ministry of Justice
Secretariat of Economic Law
Department of Economic Protection and Defense
Esplanada dos Ministérios – Bloco T
Edifício Sede, 5° Andar
Brasília – DF
CEP 70064-900
Fax No. (061) 3226-5772

    Att.:    **Ms. Alessandra Viana Reis**
             General Coordinator of GCSI

    Ref:    **Submission of Information and Documents**
            **Letter No. 4893/2007/DPDE/CGSI of August 2, 2007**

           CONFIDENTIALITY REQUESTED UNDER ART. 26 OF MINISTERIAL DIRECTIVE NO. 4/2006

Dear Sirs:

In response to your request in the Letter in reference above, we hereby inform you of the following (in the same order as the questions made in said Letter):

a. After a careful review of the Minutes of Meeting of January 11, 2006, which were provided earlier to this Secretariat ("Minutes of Meeting"), especially the non-compete clause, we reach the conclusion that such provision applies to all companies in the General Electric group; this is due to the fact that that said Minutes were signed by "General Electric," which is not a legal entity but, for the purposes of said document, from a strictly legal point of view, must be understood as representing all entities under the control of the General Electric group;

b. In light of the response above, we understand that GE Hydro Inepar do Brasil S.A. ("JV") is obligated under the Minutes of Meeting. This is due to the fact that GE has a majority of the shares in and control of JV.  However, we understand that Construtora Norberto Odebrecht S.A. ("Odebrecht") recently released JV's facilities for manufacturing equipment for the Madeira River Project, per letter from Odebrecht dated August 1, 2007, last paragraph (in attachment – confidentiality requested), as follows:

> Finally, I would like to reiterate our understanding that GE Hydro Inepar do Brasil's facilities are free to manufacture equipment for the Madeira River Hydropower Plants so

long as the following are complied with: (i) the non-disclosure commitments; (ii) all that has been agreed in the minutes of meeting of January 11, 2006; and (iii) the commitment undertaken by General Electric's own initiative in the letter sent by Mr. Jeffrey Wiener on March 15, 2006.

We attach the letter sent by Mr. Jeffrey Wiener on March 15, 2006 (confidentiality requested), informing that GE would not join the consortium led by Odebrecht and confirming that, per previous agreement under the Minutes of Meeting, GE would not participate in the Madeira River Project with other parties. GE had requested a provision from Odebrecht with an authorization to leave the consortium due to the fact that not all of its members were identified, and GE could not undertake any definitive commitment to any consortium unless and until GE had the opportunity to fully assess the financial and technical capability of the other proposed consortium members and obtain assurances that all the other consortium members shared in GE's commitment to proper business practices. Therefore, GE had proposed language allowing GE to leave the group prior to signing the final consortium formation document, with no additional obligation other than to preserve the confidentiality of all data shared. As a condition to accept this proposal from GE, Odebrecht insisted that GE also agreed not to compete with the group in case GE exercised its right to leave.

In our understanding, the release of the JV facilities for manufacturing equipment for the Madeira River Project only allows JV to employ its own resources in the Madeira River Project. As JV does not currently have the right to use the technology required for the design of bulb-type turbines and generators, its participation would be limited to being a subcontractor of other competitors with such capability, such as Alstom or Hitachi. This could ultimately restrict competition in the Madeira River Project.

c. The ban on GE's participation in the Madeira River Project could limit JV's capacity to independently supply equipment for such Project, as the latter would not be able to use technology owned by other GE entities, such as GE Energy (Finland), which has state-of-the-art technology to produce bulb turbines.

GE requests that this letter and its entire contents and attachment be treated as confidential (Art. 26 of Ministry of Justice Directive No. 4 of January 5, 2006).

We remain at your disposal to provide any other information or clarification that you may require.

Sincerely,

/s/

Name: Stanley S. Smith
Position: GM Sales

# TRANSLATORS' CERTIFICATE

I, Timothy Yuan, hereby certify that I speak and write both the Portuguese and English languages; that I have translated the foregoing **8/7/2007 Letter from Stanley Smith to SDE** to the best of my ability; and that it is a true and correct translation to the best of my knowledge, information, and belief.

_____       9/27/07
Signature                                                     Date

KAVITHA REDDY
NOTARY PUBLIC-STATE OF NEW YORK
No. 02RE6154611
Qualified in New York County
My Commission Expires October 23, 2010

Kavitha Reddy  9/27/2007





General Electric
c/o General Electric do Brasil, Ltda.
Av. Nove de Julho, 5229 – 10th floor
São Paulo, SP 01407-907
Brasil
t +55 11 3067 8010
f +55 11 3067 8004

7 de agosto de 2007.

Ministério da Justiça
Secretaria de Direito Econômico
Departamento de Proteção e Defesa Econômica
Esplanada dos Ministérios – Bloco T
Edifício Sede, 5o andar
Brasília – DF
CEP: 70064-900
Fax No. (061) 3226-5772

At.: Sra. Alessandra Viana Reis
Coordenadora Geral da GCSI

Ref.: Submissão de Informações e Documentos
OF /No. 4593 / 2007 / DPDE / CGSI, de 2 de agosto de 2007

CONFIDENCIALIDADE SOLICITADA NOS TERMOS DO ART. 28 DA PORTARIA No. 4/2006

*[Handwritten note:] Junte-se ao PR 08012 005678/2007-98 em apartado confidencial, com vistas à GE e à Odebrecht. BSB, 09.08.07. AvReis*

Prezados Senhores:

Em reposta à sua solicitação nos termos do Ofício supra, informamos o quanto segue (na mesma ordem das perguntas feitas em tal Ofício):

a. Após cuidadosa análise dos termos da Ata de Reunião de 11 de janeiro de 2006 anteriormente enviada a esta Secretaria ("Ata de Reunião"), especialmente a cláusula de não concorrência, chegamos à conclusão de que tal dispositivo aplica-se a todas as empresas do grupo General Electric. Isto deve-se ao fato de que tal Ata foi firmada pela "General Electric", a qual não constitui pessoa jurídica, mas, para fins de tal documento, de um ponto de vista estritamente jurídico, deve ser entendida como representando todas as entidades controladas pelo grupo General Electric.

b. Tendo em vista a resposta supra, entendemos que a GE Hydro Inepar do Brasil S.A. ("JV") está obrigada pelos termos da Ata de Reunião. Isto porque a GE detém a maioria das ações desta JV, controlando a mesma. No entanto, entendemos que a Construtora Norberto Odebrecht S.A. ("Odebrecht") recentemente liberou as instalações da JV para a fabricação de equipamentos ao Projeto Rio Madeira, conforme carta da Odebrecht de 1 de agosto de 2007, último parágrafo (anexa – solicita-se confidencialidade), conforme segue:

> "Por fim, cumpre deixar claro nosso entendimento que as instalações da GE Hydro Inepar do Brasil estão liberadas para a fabricação de equipamentos para as Usinas Rio Madeira, desde

que preservados (i) os compromissos de confidencialidade; (ii) tudo o que foi avençado na ata de reunião de 11 de janeiro de 2006, e (iii) o compromisso assumido por iniciativa própria da General Electric na carta enviada pelo Sr. Jeffrey Wiener, em 15 de março de 2005."

Anexamos à presente a carta enviada pelo Sr. Jeffrey Wiener em 15 de março de 2005 (solicita-se confidencialidade), informando que a GE não faria parte do consórcio liderado pela Odebrecht e confirmando que, conforme previamente acordado nos termos da Ata de Reunião, a GE não participaria do Projeto Rio Madeira com outras partes. A GE tinha solicitado à Odebrecht dispositivo autorizando-a a deixar o consórcio porque a totalidade de seus membros não estava identificada, e a GE não poderia comprometer-se de maneira definitiva a qualquer consórcio a menos e até que a GE tivesse a oportunidade de avaliar plenamente a capacidade financeira e técnica dos outros consorciados propostos e assegurar-se de que todos os referidos consorciados compartilhavam do compromisso da GE a práticas adequadas de negócios. Assim sendo, a GE tinha proposto linguagem permitindo à GE deixar o grupo antes da celebração do documento final de constituição de consórcio, sem qualquer outra obrigação adicional que não a de manter em sigilo os dados que foram compartilhados. Como condição para aceitar tal proposta da GE, a Odebrecht insistiu que a GE também concordasse em não competir com o grupo caso a GE exercesse seu direito de retirada.

De acordo com nosso entendimento, a liberação das instalações da JV para a fabricação de equipamentos para o Projeto Rio Madeira apenas permite que a JV empregue seus recursos próprios para o Projeto Rio Madeira. Como a JV não detém atualmente o direito de utilizar a tecnologia necessária ao design de turbinas e geradores do tipo bulbo, a mesma apenas poderia participar como uma subcontratada de outros concorrentes que tenham tal capacidade, tal como Alstom ou Hitachi. Ao final, isto pode limitar a concorrência para o Projeto Rio Madeira.

6. A proibição à GE de participar no Projeto Rio Madeira poderia limitar a capacidade da JV de fornecer independentemente equipamentos para tal Projeto, uma vez que a mesma não poderia utilizar tecnologia detida por outras entidades da GE, tal como GE Energy (Finlândia), a qual detém tecnologia de ponta para produzir turbinas bulbo.

A GE solicita que a presente carta e todo seu conteúdo e anexo sejam tratados como confidenciais (art. 26 da Portaria No. 4 de 5 de janeiro de 2006, do Ministério da Justiça).

Permanecemos à disposição caso qualquer informação ou esclarecimento adicional seja necessário.

Atenciosamente,

General Electric Company

Nome: Stanley S. Smith
Cargo: GM - SALES