# EXHIBIT 7

/stamp: Page 190, 1st VF, signature/

JUDICIARY BRANCH
JUDICIARY SECTION OF THE FEDERAL DISTRICT

DECISION NO. 358/2007
CLASS 2100/INDIVIDUAL WRIT OF MANDAMUS
PETITIONER: CONSTRUTORA NORBERTO ODEBRECHT S.A.
RESPONDENT: OFFICE OF ECONOMIC LAW (SDE)
PROCESS NO. 2007.34.00.0331823-4

/stamp: Identical to the original, signature,
Director of Clerk's Office of 1st Court,
Federal Justice/FD – TRF – 1st Region/

DECISION

This pertains to a petition for an injunction submitted by CONSTRUTORA NORBERTO ODEBRECHT S.A. in the face of a preventive measure imposed by the SECRETARY OF ECONOMIC LAW in the records of the Administrative Procedure No. 08012.008678/2007-98, which was initiated for the purpose of investigating the exclusivity/non-compete agreements entered into between the Petitioner and equipment suppliers.

The impugned administrative measure ordered the cancellation of the clause related to General Electric's non-compete agreement with the consortium led by the petitioner with respect to participation in the auctions for the concession of the Santo Antônio and Jirau hydropower plants.

It also ordered the partial cancellation of the exclusivity clause in the Confidentiality and Exclusivity Agreement entered into between the petitioner and Alstom Hydro Energia Brasil Ltda., VA Tech Hydro Brasil Ltda., and Voith Siemens Hydro Power Generation Ltda., so the companies belonging to the Alstom, VA Tech, and Voith Siemens economic groups, after each auction takes place, may enter into negotiations with the winning consortium in each respective auction, in order to supply equipment and related services, should

JUDICIARY BRANCH
JUDICIARY SECTION OF THE FEDERAL DISTRICT
/process number illegible/

the consortium led by the Odebrecht Group not be the winner in each of these auctions.

In light of the nature of this petition, which involves issues of competition and thus market protection, I find it indispensable to hear from the respondent authority in order to provide minimum adversarial proceedings.

However, I see the possibility of difficult to repair damage to the petitioner company if the effects of the administratively imposed preventive measure are not stayed, since the disclosure of information subject to the confidentiality clause is an irreversible event.

For this reason, by the general injunctive power vested in me and in order to guarantee a potential right of the petitioner, I order the stay of the effects of the preventive measure imposed by the Secretary of Economic Law until further review of the petition for an injunction, which will occur after the submission of information from the respondent within the legal timeframe.

Finally, I grant the request for secrecy of justice based on subparagraph I of Article 155 of the Code of Civil Procedure c/c Article 3 of Law No. 8,666/93.

Let the respondent authority be notified with a request for information.

Brasília, September 17, 2007.

/s/

POLLYANNA KELLY MACIEL MEDEIROS MARTINS ALVES
Substitute Federal Judge in the 19th Court/FD
legally replacing in the 1st Court.

/stamp: Identical to the original, signature,
Director of Clerk's Office of 1st Court,
Federal Justice/FD – TRF – 1st Region/

# TRANSLATORS' CERTIFICATE

I, Timothy Yuan, hereby certify that I speak and write both the Portuguese and English languages; that I have translated the foregoing **9/17/2007 Brazilian Court Injunction** to the best of my ability; and that it is a true and correct translation to the best of my knowledge, information, and belief.

_____    9/27/07
Signature                             Date

KAVITHA REDDY
NOTARY PUBLIC-STATE OF NEW YORK
No. 02RE6154611
Qualified in New York County
My Commission Expires October 23, 2010

Kavitha Reddy 9/27/2007



PODER JUDICIÁRIO
SEÇÃO JUDICIÁRIA DO DISTRITO FEDERAL

Fl.: 190
1ª VF

DECISÃO Nº 358/2007
CLASSE 2100/MANDADO DE SEGURANÇA INDIVIDUAL
IMPETRANTE: CONSTRUTORA NORBERTO ODEBRECHT S.A.
IMPETRADA: SECRETÁRIA DE DIREITO ECONÔMICO DA SDE
PROCESSO Nº 2007.34.00.0331823-4

DECISÃO

Cuida-se de pedido liminar deduzido pela CONSTRUTORA NORBERTO ODECRECHT S.A. em face de medida preventiva aplicada pela SECRETÁRIA DE DIREITO ECONÔMICO nos autos do Procedimento Administrativo nº 08012.008678/2007-98, instaurado com o objetivo de investigar os acordos de exclusividade/não-concorrência celebrados pela impetrante com fornecedores de equipamentos.

A medida administrativa impugnada determinou a anulação da cláusula relativa ao compromisso de não-concorrência da General Electric Company com o consórcio liderado pela impetrante para participar dos leilões de concessão das usinas hidrelétricas de Santo Antônio e Jirau.

De igual modo, determinou a anulação parcial da cláusula de exclusividade constante do Acordo de Confidencialidade e Exclusividade entabulado entre a impetrante e a Alstom Hydro Energia Brasil Ltda., a VA Tech Hydro Brasil Ltda e Voith Siemens Hydro Power Generation Ltda., a fim de possibilitar às empresas integrantes dos grupos econômicos Alstom, VA Tech e Voith Siemens, após a realização de cada um dos leilões, a negociação com o consórcio vencedor de cada respectivo leilão com vistas a fornecer equipamentos e serviços relacionados, no caso

PODER JUDICIÁRIO
SEÇÃO JUDICIÁRIA DO DISTRITO FEDERAL
2007.34.00.028994-4                              ME

Fl.: 191
1ª VF

de o consórcio liderado pelo Grupo Odebrecht não se sagrar vencedor em cada um desses leilões.

Em face da natureza da presente demanda, que envolve questões de concorrência e conseqüente proteção do mercado, tenho por indispensável ouvir a autoridade impetrada a fim de viabilizar o contraditório mínimo.

Contudo, vislumbro a possibilidade de dano de difícil reparação à empresa impetrante acaso não suspensos os efeitos da medida preventiva aplicada administrativamente vez que a divulgação das informações objeto da cláusula de confidencialidade é irreversível.

Por tal razão, valendo-me do poder geral de cautela, a fim de garantir eventual direito da impetrante, determino a suspensão dos efeitos da medida preventiva aplicada pela Secretária de Direito Econômico até a posterior análise do pedido liminar o qual ocorrerá após a apresentação das informações pela impetrada no prazo legal.

Por fim, defiro o pedido de segredo de justiça com base no inciso I do artigo 155 do CPC c/c o artigo 3º da Lei nº 8.666/93.

Notificar a autoridade impetrada para apresentar informações.

Brasília, 17 de setembro de 2007.

POLLYANNA KELLY MACIEL MEDEIROS MARTINS ALVES
Juíza Federal Substituta da 19ª Vara/DF
em substituição legal na 1ª Vara/DF

Confere com o original