# EXHIBIT 9

/stamp: Page 989, 1st Federal Court, signature/

JUDICIARY BRANCH
JUDICIARY SECTION OF THE FEDERAL DISTRICT

DECISION NO. 366/2007
INDIVIDUAL WRIT OF MANDAMUS/CLASS 2100
PROCESS NO. 2007.34.00.033182-4
PETITIONER: CONSTRUTORA NORBERTO ODEBRECHT S.A.
RESPONDENT: OFFICE OF ECONOMIC LAW (SDE)

---

DECISION

This is a petition for an injunction submitted by CONSTRUTORA NORBERTO ODEBRECHT S.A. in relation to the preventive measure imposed by the SECRETARY OF ECONOMIC LAW in the Administrative Procedure No. 08012.008678/2007-98, which was initiated for the purpose of investigating the exclusivity/non-compete agreements entered into between the Petitioner and equipment suppliers.

The impugned administrative measure ordered the cancellation of the clause related to General Electric's non-compete commitment with the consortium led by the petitioner with respect to participation in the auctions for the concession of the Santo Antônio and Jirau hydropower plants.

It also ordered the partial cancellation of the exclusivity clause in the Confidentiality and Exclusivity Agreement entered into between the petitioner and Alstom Hydro Energia Brasil Ltda., VA Tech Hydro Brasil Ltda., and Voith Siemens Hydro Power Generation Ltda., so

/stamp: Identical to the original, signature,
Director of Clerk's Office of 1st Court,
Federal Justice/FD – TRF – 1st Region/

JUDICIARY BRANCH
JUDICIARY SECTION OF THE FEDERAL DISTRICT
2007.34.00.033182-4

/stamp:  Page 990, 1st Federal Court, signature/

the companies belonging to the Alstom, VA Tech, and Voith Siemens economic groups, after each auction takes place, may enter into negotiations with the winning consortium in each respective auction, in order to supply equipment and related services, should the consortium led by the Odebrecht Group not be the winner in each of these auctions.

It also imposed a daily penalty of R$ 100,000.00 (one hundred thousand reals) in case of noncompliance with the preventive measure.

The petitioner alleges that the enforcement act illegally interferes in perfect and finished legal matters in order to void confidentiality and exclusivity clauses that protect confidential information belonging to the petitioner.

It argues that the impugned measure authorizes U.S.-based General Electric Inc. (GE) to participate in competing consortia and thus disclose and make use of confidential technical information that it obtained from the petitioner, such as engineering secrets and pricing structures, using such information with third parties and against the petitioner in auctions for the construction and operation of the Madeira River hydropower plants.

It further states that the measure authorizes other companies in the group of suppliers included in the petitioner's consortium, which have all types of confidential technical information belonging to the petitioner and referring to the Madeira project, to provide such information to third parties that might be successful in the bidding.

/stamp:  Identical to the original, signature,
Director of Clerk's Office of 1st Court,
Federal Justice/FD – TRF – 1st Region/

2

JUDICIARY BRANCH
JUDICIARY SECTION OF THE FEDERAL DISTRICT
2007.34.00.033182-4

/stamp:  Page 991, 1st Federal Court, signature/

It notes that there are illegalities in the adopted administrative procedure:  the lack of functional jurisdiction on the part of SDE to void the confidentiality and exclusivity agreements; violation of the principles of due process and adversarial proceedings; violation of Article 52 of Law No. 8,884/94 resulting from the irreversibility of the preventive measure; violation of the principle of equity in the bidding process and free competition and, finally, noncompliance with the period allowed for an administrative process to be initiated.

Finally, it argues that there is a risk of irreparable damage should the technical and financial information be shared with companies in other consortia.

Based on the general injunctive power, the review of the petition for an injunction was postponed until after adversarial proceedings are established and the effects of the preventive measure issued by the Secretary of Economic Law were suspended.

Information submitted by the Secretary of Economic Law.

Statement from CADE on pp. 982-988.

This is the required report.

I hereby state the grounds and decide.

The petition for an injunction, as submitted, implies an anticipation of the effects of the final relief and will be considered as such (Art. 273, CPC and of Art. 7, Subparagraph II of Law No. 1,533/51).

First I note that the Judicial System cannot replace the Secretariat of Economic Law in its duties and invade an

/stamp:  Identical to the original, signature,
Director of Clerk's Office of 1st Court,
Federal Justice/FD – TRF – 1st Region/

3

JUDICIARY BRANCH
JUDICIARY SECTION OF THE FEDERAL DISTRICT
2007.34.00.033182-4

/stamp:  Page 992, 1st Federal Court, signature/

area that is typically under administrative purview and thus address the merit of the administrative act.

The role of the Judicial System is limited to determining whether the act committed by the administrator is legal and whether it is reasonable, as such determinations reflect directly on its legitimacy.

In other words, the law on the effectiveness of the right to competition did not grant jurisdiction to the judicial system to review whether or not an anti-competitive practice exists; such jurisdiction was legally attributed to the Secretariat of Economic Law (SDE) and the Administrative Council for Economic Protection (CADE), pursuant to Art. 14 of Law No. 8,884/94).

In this regard, I note:

"CIVIL PROCEDURE. SPECIAL APPEAL. ADMINISTRATIVE. TRAFFIC VIOLATION. ART. 218, I, "B" OF CTB. SUSPENSION OF THE RIGHT TO OPERATE A MOTOR VEHICLE. ADMINISTRATIVE PROCESS. NEED. ART. 265 OF CTB. ABSENCE OF IMPUGNATION OF THE GROUNDS FOR THE APPEALED DECISION. ABSTRACT 284 OF STF. REEXAMINATION OF THE FACTS AND EVIDENTIARY CONTEXT. ABSTRACT NO. 7/STJ. CONSTITUTIONAL FOUNDATION. ABSENCE OF A SPECIAL APPEAL FILING. SUMMARY DESCRIPTION NO. 126/STJ. (...)

4. Therefore it is established that the Judicial System does not have the jurisdiction to address the merit of the administrative act and supersede the value judgment that is within the purview of the Public Administration to make but such act is subject to judicial review with respect to its legality.

/stamp:  Identical to the original, signature,
Director of Clerk's Office of 1st Court,
Federal Justice/FD – TRF – 1st Region/

4

JUDICIARY BRANCH
JUDICIARY SECTION OF THE FEDERAL DISTRICT
2007.34.00.033182-4

/stamp: Page 993, 1st Federal Court, signature/

(STJ – RESP – 804648 – Adjudicating Body:   FIRST PANEL – Source DJ – DATE:  September 3, 2007 – PAGE:  123 – Reporting Judge:  LUIZ FUX)
"ORDINARY APPEAL IN A WRIT OF MANDAMUS.    ADMINISTRATIVE. LAYOFF. DISCIPLINARY ADMINISTRATIVE PROCESS.  VIOLATION OF THE PRINCIPLES OF DUE PROCESS AND ADVERSARIAL PROCEEDINGS. NONOCCURRENCE.  ADMINISTRATIVE MERIT.  JUDICIAL SYSTEM'S LACK OF AUTHORITY TO REVIEW.  APPEAL DENIED.  (...)

3.    The Judicial System's jurisdiction is limited to determining whether an administrative act is legal and lacks the authority to review the merit of the act under penalty of usurping the administrative role, which is essentially attributed to the Executive Branch.

4. Appeal denied."

(STJ – ROMS – 15959 – Adjudicating Body:   SIXTH PANEL – Source DJ – DATE:   April 10, 2006 – PAGE:   299 – Reporting Judge:   HÉLIO QUAGLIA BARBOSA)
"ADMINISTRATIVE. COMPETITION. FOREIGN TRADE ANALYST. FEDERAL ADMINISTRATION COUNCIL.   IMPUGNATION OF BID ANNOUNCEMENT. HIGHER      EDUCATION      REQUIREMENT      IN      ADMINISTRATION. IMPOSSIBILITY.  DISCRETION OF ADMINISTRATION.  (...)

2. With respect to the reach of the control imposed by administrative acts, it is not the role of the Judicial System to address the convenience, opportunity, or efficiency of the Administration nor to evaluate the motivations or to choose the object, which characterize administrative merit.  The Judicial System must limit itself to a review from the perspective of legality. (...)"

/stamp:  Identical to the original, signature,
Director of Clerk's Office of 1st Court,
Federal Justice/FD – TRF – 1st Region/

JUDICIARY BRANCH
JUDICIARY SECTION OF THE FEDERAL DISTRICT
2007.34.00.033182-4

/stamp:  Page 994, 1st Federal Court, signature/

(TRF – FIRST REGION – AC – 199834000122242 – Adjudicating Body:  FIFTH PANEL – Source DJ – DATE:  June 1, 2006 – PAGE:  41 – Reporting Judge:  FEDERAL APPELLATE JUDGE SELENE MARIA DE ALMEIDA)

"ADMINISTRATIVE  CIVIL  PROCEDURE.    DECISION.    ADMINISTRATIVE COUNCIL    FOR    ECONOMIC    PROTECTION    –    CADE.      EXECUTION. SUBORDINATION    OF    MEDICAL    COOPERATIVES.      PROCEDURAL COMPLIANCE.  EXCLUSIVITY CLAUSE.  ILLEGALITY. (...)

II.  While the determination as to whether a violation against the economic order has occurred is within the purview of CADE, which, based on its expertise, concluded that an anti-competitive conduct took place in this particular case, the Judicial System is charged with reviewing the procedure's legality and formal compliance, within a scope that excludes faults. (...)"

(COURT – FIFTH REGION – AC – Civil Appeal – 376602 – Adjudicating Body:  Fourth Panel – Source DJ – Date:  February 16, 2006 – Page:  644 – Number:  34 – Reporting Judge:  Federal Appellate Judge Margarida Cantarelli)

Even if that were not the case, from the point of view of an investigation into an anti-competitive conduct, the selected venue is not appropriate.

This is due to the fact that a determination as to whether there exist conducts that constitute violations of the economic order would require a review of facts and evidence, which is not possible within the narrow scope of a writ of mandamus, which requires that all proof be established in advance:

"ADMINISTRATIVE.  CIVIL PROCEDURE.  WRIT OF MANDAMUS.  MILITARY PENSIONER.  AMNESTY.  LACK OF PRE-

/stamp:  Identical to the original, signature,
Director of Clerk's Office of 1st Court,
Federal Justice/FD – TRF – 1st Region/

JUDICIARY BRANCH
JUDICIARY SECTION OF THE FEDERAL DISTRICT
2007.34.00.033182-4

/stamp:  Page 995, 1st Federal Court, signature/

ESTABLISHED PROOF.   DISCOVERY.   IRRELEVANCE.   PRECEDENTS.
WRIT DENIED.

1.    The writ of mandamus requires pre-established proof as an essential condition to determine a net and certain right.   Therefore discovery is incompatible with the nature of this constitutional action.  Precedents.  (...)"

(MS 11884 / DF – Reporting Judge:   Justice ARNALDO ESTEVES LIMA - Adjudicating Body:  S3 – THIRD SECTION – Date of Trial:  April 25, 2007)

"CIVIL PROCEDURE.  WRIT OF MANDAMUS.  LACK OF PRE-ESTABLISHED PROOF.  PROCESS TERMINATION WITHOUT A REVIEW OF THE MERIT.

1.  The narrow scope of the writ of mandamus does not allow a discovery phase and the petitioner must include pre-established proof of its right with the initial petition.

2.    When the facts are controversial and depend on discovery for their confirmation, the writ of mandamus is inappropriate.

3.  Appeal denied."

(TRF – FIRST REGION – AMS – 200341000051123 – Adjudicating Body: SIXTH PANEL – Source DJ – DATE:  April 4, 2005 – PAGE:  36 – Reporting Judge:  FEDERAL APPELLATE JUDGE DANIEL PAES RIBEIRO)

From the perspective of whether or not there is illegality in the impugned act, I do not recognize, in this first judgment, any illegality to be barred by the Judicial System.  To wit.

/stamp:  Identical to the original, signature,
Director of Clerk's Office of 1st Court,
Federal Justice/FD – TRF – 1st Region/

7

JUDICIARY BRANCH
JUDICIARY SECTION OF THE FEDERAL DISTRICT
2007.34.00.033182-4

/stamp: Page 996, 1st Federal Court, signature/

Pursuant to Article 14 of Law No. 8,884/94, it is within SDE's purview to initiate administrative processes to investigate and combat violations of the economic order as well as to forward the processes it initiates to CADE, for a decision, when it understands that a violation of the economic order has been characterized (Subparagraphs VI and VIII).

In accordance with said law, administrative processes can be initiated without any preliminary investigations when there is sufficient evidence of violation of the economic order (Art. 30).

It is also under SDE's jurisdiction to adopt preventive measures aimed at interrupting a practice that constitutes a violation of the economic order, establishing a deadline for compliance and a daily penalty to be imposed in case of noncompliance (Subparagraph XI).

Further in regard to the adoption of preventive measures, Article 52 of Law No. 8,884/94 expressly establishes that, in any phase of the administrative process, the Secretary of SDE or the Reporting Councilor of CADE, on his or her own initiative or as determined by CADE's Solicitor General, may adopt a preventive measure, when there is evidence or a well-founded concern that the petitioner, either directly or indirectly, cause or may cause irreparable or difficult-to-repair injury to the market or render the final result of the process ineffective.

In this case, I confirm that SDE applied the preventive measure under challenge based on the existence of strong evidence of market foreclosure

/stamp: Identical to the original, signature,
Director of Clerk's Office of 1st Court,
Federal Justice/FD – TRF – 1st Region/

JUDICIARY BRANCH
JUDICIARY SECTION OF THE FEDERAL DISTRICT
2007.34.00.033182-4

/stamp:  Page 997, 1st Federal Court, signature/

resulting from the exclusivity agreements pertaining to access by the petitioner's competitors to suppliers of generators and bulb turbines.

According to the information provided by the respondent authority, as well as documentation included in the records, the decision to void the non-compete clause between Odebrecht and GE allows a financially strong business group, with technology and manufacturing facilities in Brazil, to form a consortium to participate in the auctions under more favorable conditions from a competitive standpoint.

The respondent authority further clarifies that GE's release was conditioned by the requirement that it not be bound exclusively to any other consortium.

With respect to the decision to partially void the exclusivity clause entered into with Alstom, VA Tech, and Voith Siemens, the impugned administrative decision allows these companies to supply equipment to the successful bidder in the auction, should the Odebrecht Group no come out the winner.

I confirm that the measures adopted administratively in order to allow competition in the electric power supply market are reasonable from the perspective of protecting the public interest in terms of the economic order and thus lower costs in power generation.

/stamp:  Identical to the original, signature,
Director of Clerk's Office of 1st Court,
Federal Justice/FD – TRF – 1st Region/

9

JUDICIARY BRANCH
JUDICIARY SECTION OF THE FEDERAL DISTRICT
2007.34.00.033182-4

/stamp:  Page 998, 1st Federal Court, signature/

Similarly, I understand that the measure is perfectly consistent with the norm set out in §1 of Article 52, which confers on the Secretary of SDE the power to order the immediate cessation of the practice of an act that is harmful to the market and, when materially possible, the reversal to the prior situation, establishing a daily penalty.

Indeed, the Secretary of Economic Law's jurisdiction is clear with respect to the application of the preventive measures.

Specifically with respect to the allegation that a declaration of the clauses as void is not possible, the petitioner has no grounds.

Indeed there is an express provision to the effect that the Secretary of SDE may order the cessation of the practice of an act that is harmful to the market and, when materially possible, the reversal to the prior situation.

In my view, the declaration of the clauses as void, in the manner that it occurred, has the precise effect of interrupting the offending practice.

Along the same lines, I do not see the alleged violation of the right to adversarial proceedings and due process.  According to the documentation included in the records, the petitioner had the opportunity to provide clarifications as well as to defend itself against the allegations of anti-competitive practice (letters on pp. 589-591 and comments on pp. 594-607 and 613-622).

With respect to the confidentiality clauses, based on the documents submitted by the parties, I confirm that SDE did not release General Electrics [sic] (GE), Alstom, VA Tech or Voith Siemens from their legal obligation of safeguarding any industrial secrets.

/stamp:  Identical to the original, signature,
Director of Clerk's Office of 1st Court,
Federal Justice/FD – TRF – 1st Region/

10

JUDICIARY BRANCH
JUDICIARY SECTION OF THE FEDERAL DISTRICT
2007.34.00.033182-4

/stamp:  Page 999, 1st Federal Court, signature/

In this respect, I also verify that the information produced in the inventory and feasibility studies for the Santo Antônio and Jirau plants became available to the public after their respective approvals (Art. 21, Law No. 8,987/95, and documents on pp. 490-512).

I also do not understand that damage has occurred to the petitioner with respect to the information acquired in the feasibility study since, pursuant to Laws Nos. 8,987/95 and 9,427/96, Item 5.1 of Attachment II to Bid Announcement No. 005/2007 for the purchase of Electric Power Generated by the Santo Antônio Hydropower Plant on the Madeira River, scheduled to take place on October 30, 2007, establishes that full compensation will be provided to Odebrecht/Furnas by the successful bidder in the auction with respect to the costs incurred in conducting the inventory and feasibility studies, should the petitioner not be the winner in the auction (p. 378).

The allegation of violation of the principle of equity is also devoid of legal ground.

This is due to the fact that, in reviewing whether such principle has been respected, consideration must be given to whether the discrimination is consistent with the purpose of the norm.    In this case, SDE's intervention is for the purpose of safeguarding the public interest.

Finally, the discussion of a time limit for the establishment of an administrative process is not sufficient to void the preventive measure under challenge: first, because such time limit is improper, as no penalty is set for

/stamp:  Identical to the original, signature,
Director of Clerk's Office of 1st Court,
Federal Justice/FD – TRF – 1st Region/

JUDICIARY BRANCH
JUDICIARY SECTION OF THE FEDERAL DISTRICT
2007.34.00.033182-4

/stamp:  Page 1000, 1st Federal Court, signature/

noncompliance therewith; second, because only flaws that effectively tarnishes the administrative procedure may cause it to be voided.

In light of the above and based on the lack of legal grounds, I deny the petition for injunctive relief.

Let the MPF (Federal Public Prosecutor's Office) be notified in order to provide comments regarding CADE's request for recognition as *amicus curiae*.

Then let the completed records be returned for judgment.

Let it be registered, noticed and published.

Brasília, September 20, 2007.


/s/


POLLYANNA KELLY MACIEL MEDEIROS MARTINS ALVES
Substitute Federal Judge in the 19th Court/FD
legally replacing in the 1st Court.


/stamp:  Identical to the original, signature,
Director of Clerk's Office of 1st Court,
Federal Justice/FD – TRF – 1st Region/

12

JUDICIARY BRANCH
JUDICIARY SECTION OF THE FEDERAL DISTRICT
1ST FEDERAL COURT

/stamp:  Page 1001, 1st Federal Court, signature/

### CERTIFICATE OF NOTIFICATION

I HEREBY CERTIFY, pursuant to Article 238 of the Code of Civil Procedure, that, on this date, the attorney representing the petitioner, Ms. MIRIAN DE FATIMA LAVOCAT DE QUEIROZ, OAB/DF 19524, was notified of the decision appearing on pp. 999/1000, per acknowledgment below.

Brasília, September 20, 2007
/s/
Secretary


ACKNOWLEDGED:
Ms. MÍRIAN LAVOCAT        /s/
OAB/DF 19,524

/stamp:  Identical to the original, signature,
Director of Clerk's Office of 1st Court,
Federal Justice/FD – TRF – 1st Region/

13

# TRANSLATORS' CERTIFICATE

I, Timothy Yuan, hereby certify that I speak and write both the Portuguese and English languages; that I have translated the foregoing **9/20/2007 Brazilian Court Injunction Reversal** to the best of my ability; and that it is a true and correct translation to the best of my knowledge, information, and belief.

_____            9/27/07
Signature                                           Date

KAVITHA REDDY
NOTARY PUBLIC-STATE OF NEW YORK
No. 02RE6154611
Qualified in New York County
My Commission Expires October 23, 2010

Kavitha Reddy 9/27/2007



PODER JUDICIÁRIO
**SEÇÃO JUDICIÁRIA DO DISTRITO FEDERAL**

FL.: 989
1ª VF

DECISÃO Nº 366/2007
MANDADO DE SEGURANÇA INDIVIDUAL/CLASSE 2100
PROCESSO Nº 2007.34.00.033182-4
IMPETRANTE: CONSTRUTORA NORBERTO ODEBRECHT S.A.
IMPETRADA: SECRETÁRIA DE DIREITO ECONÔMICO DA SDE

DECISÃO

Cuida-se de pedido liminar deduzido pela **CONSTRUTORA NORBERTO ODECRECHT S.A.** em face de medida preventiva aplicada pela **SECRETÁRIA DE DIREITO ECONÔMICO** nos autos do Procedimento Administrativo nº 08012.008678/2007-98, instaurado com o objetivo de investigar os acordos de exclusividade/não-concorrência celebrados pela impetrante com fornecedores de equipamentos.

A medida administrativa impugnada determinou a anulação da cláusula relativa ao compromisso de não-concorrência da General Electric Company com o consórcio liderado pela impetrante para participar dos leilões de concessão das usinas hidrelétricas de Santo Antônio e Jirau.

De igual modo, determinou a anulação parcial da cláusula de exclusividade constante do Acordo de Confidencialidade e Exclusividade entabulado entre a impetrante e a Alstom Hydro Energia Brasil Ltda., a VA Tech Hydro Brasil Ltda e Voith Siemens Hydro Power Generation Ltda., a fim de





PODER JUDICIÁRIO
SEÇÃO JUDICIÁRIA DO DISTRITO FEDERAL
2007.34.00.033182-4

Fl.: 950

1ª VF

possibilitar às empresas integrantes dos grupos econômicos Alstom, VA Tech e Voith Siemens, após a realização de cada um dos leilões, a negociação com o consórcio vencedor de cada respectivo leilão com vistas a fornecer equipamentos e serviços relacionados, no caso de o consórcio liderado pelo Grupo Odebrecht não se sagrar vencedor em cada um desses leilões.

Por fim, cominou, em caso de descumprimento da medida preventiva aplicada, multa diária no valor de R$100.000,00 (cem mil reais).

Alega a impetrante que o ato coator ilegalmente interfere em negócios jurídicos perfeitos e acabados para declarar nulas cláusulas de confidencialidade e exclusividade que protegem informação confidencial de propriedade da impetrante.

Aduz que a medida impugnada autoriza a empresa norte-americana General Electric Inc (GE) a participar de consórcios concorrentes e conseqüentemente a divulgar e a fazer uso de informações técnicas confidenciais que obteve da impetrante, tais como segredos de engenharia e composição de preços, utilizando tais informações com terceiros e contra a impetrante nos leilões para construção e operação das hidrelétricas do Rio Madeira.

Afirma, ainda, que a medida autoriza outras empresas que integram o grupo de fornecedores do consórcio da impetrante, que possuem todo o tipo de informação técnica confidencial da impetrante para o projeto Madeira, a repassarem tais informações a terceiros que porventura venham a vencer a licitação.





2

PODER JUDICIÁRIO
SEÇÃO JUDICIÁRIA DO DISTRITO FEDERAL
2007.34.00.033182-4

Fl.: 991
1ª VF

Aponta a existência das seguintes ilegalidades no procedimento administrativo adotado: a incompetência funcional da SDE para a declaração de nulidade dos acordos de confidencialidade e exclusividade; violação dos princípios da ampla defesa e do contraditório; afronta ao artigo 52 da Lei nº 8.884/94 em razão da irreversibilidade da medida preventiva; afronta ao princípio da igualdade no processo licitatório e da livre concorrência e, por fim, descumprimento do prazo para instauração de processo administrativo.

Sustenta, por fim, a ocorrência do risco de dano irreparável acaso haja o compartilhamento das informações técnicas e financeiras com empresas integrantes de outros consórcios.

Postergada a análise do pedido de liminar para após o estabelecimento do contraditório mínimo, com base no poder geral de cautela, foram suspensos os efeitos da medida preventiva aplicada pela Secretária de Direito Econômico.

Informações apresentadas pela Secretária de Direito Econômico.

Manifestação do CADE às fls. 982-988.

É o relato necessário.

Fundamento e decido.

O pedido de liminar, tal como deduzido, tem natureza de antecipação de tutela e como tal será apreciado (art. 273, CPC c/c o inciso II do art. 7º da Lei nº 1.533/51).

Inicialmente, registro a impossibilidade de o Poder Judiciário substituir-se à Secretaria de Direito Econômico em suas atribuições e invadir a



PODER JUDICIÁRIO
SEÇÃO JUDICIÁRIA DO DISTRITO FEDERAL
2007.34.00.033182-4

Fl.: 992
1ª VF

esfera típica da atividade administrativa e com isso adentrar ao próprio mérito do ato administrativo.

Cabe ao Judiciário, tão-somente, a verificação da legalidade do ato praticado pelo administrador bem como a razoabilidade de tal ato por refletir diretamente em sua legitimidade.

Vale dizer, a lei de regência do direito da concorrência não conferiu ao magistrado competência para apreciar a existência ou não de prática anti-concorrencial; tal competência foi reservada legalmente à Secretaria de Direito Econômico – SDE e ao Conselho Administrativo de Defesa Econômica – CADE (art. 14, Lei nº 8.884/94).

Nesse sentido, destaco:

"PROCESSUAL CIVIL. RECURSO ESPECIAL. ADMINISTRATIVO. INFRAÇÃO DE TRÂNSITO. ART. 218, I, "B", DO CTB. SUSPENSÃO DO DIREITO DE DIRIGIR. PROCESSO ADMINISTRATIVA. NECESSIDADE. ART. 265 DO CTB. AUSÊNCIA DE IMPUGNAÇÃO DOS FUNDAMENTOS DO ACÓRDÃO RECORRIDO. SÚMULA 284 DO STF. REEXAME DO CONTEXTO FÁTICO-PROBATÓRIO. SÚMULA N.º 7/STJ. FUNDAMENTAÇÃO CONSTITUCIONAL. AUSÊNCIA DE INTERPOSIÇÃO DE RECURSO EXTRAORDINÁRIO. VERBETE SUMULAR N.º 126/STJ. (...)

4. Consectariamente, é cediço que não incumbe ao Judiciário adentrar no mérito do ato administrativo, substituindo o juízo de valor de competência da Administração Pública, sujeitando-se, porém, no âmbito do controle judicial, a aferição da sua legalidade. (...)"





4

PODER JUDICIÁRIO
**SEÇÃO JUDICIÁRIA DO DISTRITO FEDERAL**
2007.34.00.033182-4

Fl.: 993
1ª VF

(STJ – RESP – 804648 – Órgão Julgador: PRIMEIRA TURMA – Fonte DJ DATA:03/09/2007 PÁGINA:123 – Relator(a) LUIZ FUX)

"RECURSO ORDINÁRIO EM MANDADO DE SEGURANÇA. ADMINISTRATIVO. DEMISSÃO. PROCESSO ADMINISTRATIVO DISCIPLINAR. VIOLAÇÃO DOS PRINCÍPIOS DA AMPLA DEFESA E DO CONTRADITÓRIO. INOCORRÊNCIA. MÉRITO

ADMINISTRATIVO. IMPOSSIBILIDADE DE REVISÃO PELO PODER JUDICIÁRIO. RECURSO A QUE SE NEGA PROVIMENTO. (...)

3. Ao Poder Judiciário compete apenas o controle da legalidade do ato administrativo, ficando impossibilitado de adentrar na análise do mérito do ato, sob pena de usurpar a função administrativa, precipuamente destinada ao Executivo.

4. Recurso a que nega provimento."

(STJ – ROMS – 15959 – T Órgão Julgador: SEXTA TURMA – Fonte DJ DATA:10/04/2006 PÁGINA:299 – Relator(a) HÉLIO QUAGLIA BARBOSA)

"ADMINISTRATIVO. CONCURSO. ANALISTA DE COMÉRCIO EXTERIOR. CONSELHO FEDERAL DE ADMINISTRAÇÃO. IMPUGNAÇÃO AO EDITAL. EXIGÊNCIA DE FORMAÇÃO SUPERIOR EM ADMINISTRAÇÃO. IMPOSSIBILIDADE. DISCRICIONARIEDADE DA ADMINISTRAÇÃO. (...)

2. No que tange ao alcance do controle dos atos administrativos, não cabe ao Poder Judiciário adentrar no juízo de conveniência, oportunidade ou eficiência da Administração, nem na valoração dos motivos ou na escolha do objeto, que caracterizam o mérito administrativo. Deve o Judiciário limitar-se a apreciá-lo sob o prisma da legalidade. (...)"





5

PODER JUDICIÁRIO
**SEÇÃO JUDICIÁRIA DO DISTRITO FEDERAL**
2007.34.00.033182-4

FL.: 994
1ª VF

(TRF – PRIMEIRA REGIÃO – AC – 199834000122242 – Órgão Julgador: QUINTA TURMA – Fonte DJ DATA: 1/6/2006 PAGINA: 41 – Relator(a) DESEMBARGADORA FEDERAL SELENE MARIA DE ALMEIDA)

"PROCESSUAL CIVIL. ADMINISTRATIVO. DECISÃO. CONSELHO ADMINISTRATIVO DE DEFESA ECONÔMICA – CADE. EXECUÇÃO. SUJEIÇÃO DAS COOPERATIVAS MÉDICAS. REGULARIDADE PROCEDIMENTAL. CLÁUSULA DE EXCLUSIVIDADE. ILEGALIDADE. (...)

II. Enquanto que a determinação da existência de infração à ordem econômica encontra-se na esfera de competência do CADE, que, fazendo uso do seu expertise, decidiu pela ocorrência de conduta anticoncorrencial no caso concreto, cabe ao Judiciário observar a legalidade e regularidade formal do procedimento, âmbito em que não se vislumbram vícios. (...)"

(TRIBUNAL – QUINTA REGIAO – AC – Apelação Civel – 376602 – Órgão Julgador: Quarta Turma – Fonte DJ – Data::16/02/2006 – Página::644 – N°::34 Relator(a) Desembargadora Federal Margarida Cantarelli)

Ainda que assim não fosse, sob a ótica da perquirição da existência de conduta contrária à competitividade, a via eleita não se mostra adequada.

Isso porque a análise da existência de condutas configuradoras de infração à ordem econômica demandaria revolvimento de matéria fático-probatória, insuscetível de apreciação na estreita via do mandado de segurança, o qual requer a pré-constituição de todas as provas:

ADMINISTRATIVO. PROCESSUAL CIVIL. MANDADO DE SEGURANÇA. PENSIONISTA DE MILITAR. ANISTIA. AUSÊNCIA DE PROVA PRÉ-



6

PODER JUDICIÁRIO
SEÇÃO JUDICIÁRIA DO DISTRITO FEDERAL
2007.34.00.033182-4

FL.: 995
1ª VF

CONSTITUÍDA. DILAÇÃO PROBATÓRIA. NÃO-CABIMENTO. PRECEDENTES. SEGURANÇA DENEGADA.

1. O mandado de segurança exige prova pré-constituída como condição essencial à verificação do direito líquido e certo, de modo que a dilação probatória mostra-se incompatível com a natureza dessa ação constitucional. Precedentes. (...)"

(MS 11884 / DF Relator(a) Ministro ARNALDO ESTEVES LIMA Órgão Julgador S3 - TERCEIRA SEÇÃO Data do Julgamento 25/04/2007)

"PROCESSO CIVIL. MANDADO DE SEGURANÇA. AUSÊNCIA DE PROVA PRÉ-CONSTITUÍDA. EXTINÇÃO DO PROCESSO SEM JULGAMENTO DE MÉRITO.

1. A via estreita do mandado de segurança não comporta a fase da dilação probatória, devendo o impetrante instruir a inicial com a prova pré-constituída

de seu direito.

2. Estando os fatos controvertidos, dependendo de instrução processual para sua comprovação, incabível é o mandado de segurança.

3. Apelação desprovida."

(TRF – PRIMEIRA REGIÃO – AMS – 200341000051123 – Órgão Julgador: SEXTA TURMA – Fonte DJ DATA: 4/4/2005 PAGINA: 36 – Relator(a) DESEMBARGADOR FEDERAL DANIEL PAES RIBEIRO)

Sob a perspectiva da existência ou não de ilegalidade no ato impugnado, não vislumbro, nesse primeiro juízo, qualquer ilegalidade a ser barrada pelo Poder Judiciário. A saber.





PODER JUDICIÁRIO
SEÇÃO JUDICIÁRIA DO DISTRITO FEDERAL
2007.34.00.033182-4

FL: 996
1ª VF

Consoante o artigo 14 da Lei nº 8.884/94 compete à SDE instaurar processo administrativo para apuração e repressão de infrações à ordem econômica bem como remeter ao CADE, para julgamento, os processos que instaurar, quando entender configurada infração à ordem econômica (incisos VI e VIII).

Nos termos da referida lei, é possível a instauração de processo administrativo sem a prévia promoção de averiguações preliminares nas hipóteses em que forem suficientes os indícios de infração à ordem econômica (art. 30).

É, também, da competência da SDE a adoção de medidas preventivas que conduzam à cessação de prática que constitua infração à ordem econômica, fixando prazo para seu cumprimento e o valor da multa diária a ser aplicada, no caso de descumprimento (inciso XI).

Ainda sobre a adoção de medidas preventivas, o artigo 52 da Lei nº 8.884/94 prevê, expressamente, que em qualquer fase do processo administrativo poderá o Secretário da SDE ou o Conselheiro-Relator do CADE, por iniciativa própria ou mediante provocação do Procurador-Geral do CADE, adotar medida preventiva quando houver indício ou fundado receio de que o representado, direta ou indiretamente, cause ou possa causar ao mercado lesão irreparável ou de difícil reparação, ou torne ineficaz o resultado final do processo.

No presente caso, verifico que a SDE aplicou a medida preventiva questionada sob o fundamento de existência de fortes indícios de fechamento



PODER JUDICIÁRIO
SEÇÃO JUDICIÁRIA DO DISTRITO FEDERAL
2007.34.00.033182-4

Fl.: 997
1ª VF

de mercado em decorrência dos acordos de exclusividade relativamente ao acesso por parte dos concorrentes da impetrante a fornecedores de geradores e turbinas bulbo.

De acordo com as informações prestadas pela autoridade impetrada, bem como a documentação acostada aos autos, a decisão de anular a cláusula de não-concorrência Odebrecht/GE possibilita a grupo econômico de grande porte financeiro, com tecnologia e planta fabril no Brasil, formar consórcio para participar dos leilões em condições mais favoráveis do ponto de vista competitivo.

Esclarece, ainda, a autoridade impetrada que a liberação da GE cercou-se da exigência de que ela não se vincule com exclusividade a nenhum outro consórcio.

No que diz respeito à decisão de anulação parcial da cláusula de exclusividade por parte da Alstom, VA Tech e Voith Siemens, a decisão administrativa impugnada viabiliza o fornecimento por parte de tais empresas de equipamentos ao vencedor do leilão, caso o consórcio liderado pelo Grupo Odebrecht não se sagre vencedor.

Constato que as medidas adotadas administrativamente no sentido de viabilizar a competitividade no mercado de fornecimento de energia elétrica guardam razoabilidade com o interesse público que se busca resguardar: a ordem econômica e, conseqüentemente, menores custos na produção de energia.



9

PODER JUDICIÁRIO
SEÇÃO JUDICIÁRIA DO DISTRITO FEDERAL
2007.34.00.033182-4

FL.: 998
1ª VF

De igual modo, tenho que a medida harmoniza-se perfeitamente com a norma do §1º do artigo 52 que confere ao Secretário da SDE poder para determinar a imediata cessação da prática de ato lesivo ao mercado e ordenar, quando materialmente possível, a reversão à situação anterior, fixando multa diária.

Com efeito, é patente a competência da Secretária de Direito Econômico para aplicação das medidas preventivas.

Especificamente quanto à alegação de impossibilidade de decretação de nulidade das cláusulas, não assiste razão à impetrante.

Com efeito, há expressa previsão de que o Secretário da SDE poderá determinar a cessação da prática de ato lesivo ao mercado, bem como ordenar, quando materialmente possível, a reversão à situação anterior.

A meu ver, a decretação da nulidade das cláusulas da forma como procedida tem exatamente o condão de fazer cessar a prática reprimida.

Na mesma senda, não verifico a alegada ofensa ao contraditório e à ampla defesa. Conforme a documentação trazida aos autos, a impetrante teve oportunidade de prestar esclarecimentos bem como se defender das alegações de prática anti-concorrencial (ofícios de fls. 589-591 e manifestações de fls. 594-607, fls. 613-622).

Relativamente às cláusulas de confidencialidade, a partir dos documentos colacionados pelas partes, constato que a SDE não desonerou a General Electrics – GE, a Alstom, a VA Tech ou a Voith Siemens da obrigação legal de guardar quaisquer segredos de indústria.



10

PODER JUDICIÁRIO
SEÇÃO JUDICIÁRIA DO DISTRITO FEDERAL
2007.34.00.033182-4

FL.: 999
1ª VF

Nesse aspecto, verifico, ainda, que as informações decorrentes dos estudos de inventário e viabilidade das usinas de Santo Antônio e Jirau passaram ao domínio público após a respectiva aprovação (art. 21, Lei nº 8.987/95 e documentos de fls.490-512 ).

Não vislumbro, também, a ocorrência de danos à impetrante quanto às informações adquiridas com o estudo de viabilidade porquanto, em obediência às Leis nºs 8.987/95 e 9.427/96, no item 5.1 do Anexo II do Edital de Leilão nº 005/2007 para a compra de Energia Elétrica Proveniente da Usina Hidrelétrica de Santo Antônio, no rio Madeira, designado para o dia 30/10/2007, há previsão de ressarcimento total por parte da empresa vencedora do leilão à Odebrecht/Furnas em relação aos custos incorridos na realização dos estudos de inventário e viabilidade, acaso não seja a impetrante a vencedora do leilão (fl.378).

A alegação de ofensa ao princípio da igualdade também não encontra amparo legal.

Isso porque na análise da observância do referido postulado é de se considerar se a discriminação realizada coaduna-se com a finalidade da norma. No caso, a intervenção da SDE se presta ao resguardo do interesse público.

Por fim, a discussão do prazo para o início do processo administrativo não se mostra suficiente para afastar a medida preventiva repelida: a uma porque tal prazo é impróprio, visto que inexistente sanção para





11

PODER JUDICIÁRIO
**SEÇÃO JUDICIÁRIA DO DISTRITO FEDERAL**
2007.34.00.033182-4

| FL.: 1000 |
|---|
| 1ª VF _____ |

seu descumprimento; a duas porque somente vícios que efetivamente maculem o procedimento administrativo podem inquiná–lo de nulidade.

Em face do exposto, à míngua de amparo legal, indefiro o pedido de liminar.

Vista ao MPF, inclusive para se manifestar acerca do pedido de ingresso do CADE como *amicus curiae*.

Após, retornem os autos conclusos para sentença.

Registrar. Intimar. Publicar.

Brasília, 20 de setembro de 2007.

POLLYANNA KELLY MACIEL MEDEIROS MARTINS ALVES
Juíza Federal Substituta da 19ª Vara/DF
em substituição legal na 1ª Vara/DF



12

PODER JUDICIÁRIO
SEÇÃO JUDICIÁRIA DO DISTRITO FEDERAL
1ª VARA FEDERAL



1ª VARA FEDERAL
Fls. _1001_
Rubrica _____

## CERTIDÃO DE INTIMAÇÃO

CERTIFICO, nos termos do artigo 238 do Código de Processo Civil, que, nesta data, o(a) advogado(a) da parte impetrante , Dr.(ª) MIRIAN DE FATIMA LAVOCAT DE QUEIROZ, OAB/DF 19524, foi intimado(a) da decisão de fls. 989/1000, conforme ciência subscrita.

Brasília, 20 de setembro de 2007.

----------------------------
SECRETARIA

CIENTE:

Dr. (ª) _MÍRIAN LAVOCAT_

-----------------------------------------------

OAB/DF _19.524_.

Confere com o original
Dou fé

Wolner Bego Lima
Diretor de Secretaria da 1ª Vara
Justiça Federal/DF - TRF - 1ª Região